STATE OF NORTH CAROLINA v. GREGORY JOHNSON

No. 7626SC41

(Filed 16 June 1976)

**Criminal Law § 84; Searches and Seizures § 1— search without warrant — admissibility of evidence seized**

> In a prosecution for possession of heroin with intent to sell, evidence that a reliable informer called a law enforcement officer and told him that defendant was at a certain location with heroin on his person, that defendant had offered it to him for sale, and that if the officer wanted to make an arrest he would have to get there soon together with the fact that the officer was five miles from defendant's location was sufficient to support the trial court's conclusion that under the exigent circumstances the officer's emergency search of defendant without a warrant did not violate Federal or State Constitutions, and the trial court properly denied defendant's motion to suppress evidence seized during the search.

APPEAL by defendant from *Snepp, Judge*. Judgment entered 25 November 1975, Superior Court, MECKLENBURG County. Heard in the Court of Appeals 3 May 1976.

Defendant was charged with the felonious possession of three bags of heroin, a Schedule I controlled substance, with the intent to sell and deliver.

Evidence was presented by the State during a hearing on a motion to suppress evidence. Officer S. C. Cook testified that on 5 May 1975, he received a call while at the police garage from the police dispatcher to call a number, which he did, and received information from a reliable, confidential informant that defendant was standing in front of some apartments at the 1800 block of Edwin Street; that defendant had heroin on his person and that he was offering it for sale. This informant also gave Officer Cook a detailed description of defendant's appearance. Once he received the information, Officer Cook and another

officer took separate cars to the scene where Officer Cook advised the defendant that they were going to make an emergency search of his person, and at this time defendant put his hand in his pocket. Officer Mullis grabbed defendant's hand, pulled it out of his pocket and found in it three bags of heroin.

Neither officer went to a magistrate's office for a search warrant because in their opinion this would have taken about an hour and the informant told them that if they "wanted to make an arrest, [they] had to get there soon." The trial judge denied the motion to suppress evidence whereupon defendant pled guilty under G.S. 15A-979(b) to possession of heroin and from the judgment imposing imprisonment, defendant appeals.

*Attorney General Edmisten by Associate Attorney James Wallace, Jr., for the State.*

*Lindsey, Schrimsher, Erwin, Bernhardt & Hewitt by Lawrence W. Hewitt for defendant appellant.*

CLARK, Judge.

This appeal presents one issue: Did the trial court err in denying defendant's motion to suppress the admission in evidence of three bags of heroin taken from his person without a search warrant?

Before 1937 the North Carolina Supreme Court had ruled that evidence, though obtained as a result of an illegal search, was admissible. *State v. Fowler*, 172 N.C. 905, 90 S.E. 408 (1916). In Chapter 339 of the 1937 Public Laws of North Carolina the legislature adopted the exclusionary rule for searches conducted under an illegal search warrant, and in Chapter 644 of the 1951 Session Laws the rule was extended to apply the rule to searches unlawfully conducted without a warrant. Thus, the exclusionary rule was adopted in this State years before the landmark case, *Mapp v. Ohio*, 367 U.S. 643 (1961), which held that the constitutional prohibition against searches and seizures applied to all the states.

The above two statutes were amended in 1969, providing as follows:

> *"Exclusionary rule.*—(a) No evidence obtained or facts discovered by means of an illegal search shall be competent as evidence in any trial.

(b) No search may be regarded as illegal solely because of technical deviations in a search warrant from requirements not constitutionally required." G.S. 15-27.

G.S. 15-27 was repealed and replaced by G.S. 15A-974, a part of the new Criminal Code which became effective 1 September 1975. G.S. 15A-974 provides:

*"Exclusion or suppression of unlawfully obtained evidence.*—Upon timely motion, evidence must be suppressed if:

(1) Its exclusion is required by the Constitution of the United States or the Constitution of the State of North Carolina; or

(2) It is obtained as a result of a substantial violation of the provisions of this Chapter. In determining whether a violation is substantial, the court must consider all the circumstances, including:

a. The importance of the particular interest violated;

b. The extent of the deviation from lawful conduct;

c. The extent to which the violation was willful;

d. The extent to which exclusion will tend to deter future violations of this Chapter."

This statute makes two departures from the repealed exclusionary rule statute. First, it abandons the automatic suppression of evidence found to have been obtained in an illegal search and provides for its exclusion only if required by authoritative case law. Second, instead of excepting from the exclusionary rule "technical deviations in a search warrant," as provided by repealed statute, G.S. 15A-974 excepts violations of the statute that are not "substantial" and lists four exceptions to be used in making that determination. For comment on the criteria, see Nakell, "Proposed Revisions of North Carolina's Search and Seizure Law," 52 N.C.L.R. 277 (1973).

These moderations of the exclusionary rules were undoubtedly proposed by the Criminal Code Commission because of (1) the general trend of easing Fourth Amendment restrictions on law enforcement officials by the "Burger Court," i.e., *Schneckloth v. Bustamonte,* 412 U.S. 218 (1973), admitting evi-

dence obtained by a consent search in a non-custodial setting without showing that a person knew he could withhold permission, and (2) the strong attack on the exclusionary rule as expressed by the dissenters in *Coolidge v. New Hampshire,* 403 U.S. 443 (1971), and in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971).

In the present case the defendant did not attack the reliability of the informer who told the law enforcement officer that defendant possessed heroin, had offered it to him for sale, and that if the officer wanted to make an arrest he would have to get there soon. This was sufficient to give the officer probable cause for a warrantless arrest and search of the defendant. *McCray v. Illinois,* 386 U.S. 300 (1967) ; *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269 (1967). However, the officer did not arrest defendant and make a search incident to the arrest. Instead, the officer, upon approaching defendant, informed him that he was going to make an emergency search for heroin. One exception to the rule that warrantless searches are *per se* unreasonable under the Fourth Amendment is a search incident to a lawful arrest; another exception is a search conducted under exigent circumstances. *Coolidge v. New Hampshire, supra.*

We find that the circumstances in this case fit the "exigent circumstances" or "emergency" exception. The "reliable" informant advised the officer by telephone that defendant was at a certain location 15 to 20 minutes before making the call when he saw defendant selling heroin, and that if he wanted to make an arrest he had to get there soon. The officer was five miles from defendant's location. These circumstances, plus the known mobility of the drug "pusher," justified the officer in proceeding directly, to the defendant without first proceeding to a magistrate's office to obtain a search warrant which would have caused substantial delay in arriving at the scene and the probable absence of the purported drug violator.

In denying the motion to suppress, the trial judge made findings of fact and conclusions of law as required by G.S. 15A-977(f), correctly concluded that "under the exigent circumstances the search without a warrant" did not violate the Federal or State Constitutions, and we find that the questioned evidence should not have been excluded under the new search and seizure statute, G.S. 15A-974.

The judgment entered upon the plea of guilty under G.S. 15A-979(b) is

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.