STATE OF NORTH CAROLINA v. LARRY K. SNEED

No. 7728SC1018

(Filed 16 May 1978)

1. **Searches and Seizures § 10— warrantless search of motel room—exigent circumstances**

Exigent circumstances justified and rendered lawful a search of defendant's motel room without a warrant where an officer received information from a confidential informant that defendant and others, who were staying at a certain motel, had some checks from a Tennessee company which were being passed in the Asheville area; officers verified that checks had been stolen from the Tennessee company; officers observed known gamblers going to and from

the motel rooms occupied by defendant and his companions; an officer obtained a search warrant for the room occupied by defendant but, upon arriving at the motel, learned that defendant and his companions had left during the night; another confidential informant told the officer that defendant had gone to another motel because he learned the police were checking car tags in the parking lot of the first motel; officers recognized several cars in the parking lot of another motel and saw a known gambler, whom they had seen at the first motel, enter a room of the second motel; an officer thought the gambler recognized him and proceeded to search without a warrant the motel room which the gambler entered and which was occupied by defendant and others; and the stolen checks and a checkwriting machine were found during the search.

**2. Constitutional Law § 67— hearing on motion to suppress—identity of informants**

The trial court did not err in refusing to require the disclosure of the identity of two confidential informants pursuant to G.S. 15A-978 during a hearing on a motion to suppress where defendant did not seek to contest the truthfulness of the information presented to establish probable cause. G.S. 15A-978(b).

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 15 July 1977, in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 5 April 1978.

Defendant was indicted for forging and uttering a forged check. Prior to trial defendant moved to suppress evidence seized by police in a search of his motel room. A *voir dire* hearing was held, and the State's evidence tended to show that on 27 March 1977, Officer Fred W. Hensley of the Asheville Police Department received information from a reliable confidential informant that a man named "Wootsie," two females, and three other males, located at a Quality Inn Motel, had some checks of Public Supply Company out of Tennessee, and that these checks were being passed in the Asheville area. The police had received several complaints about forged checks and had called Tennessee to learn that the Public Supply Company had been broken into on 6 March 1977, and that three checkbooks had been stolen. The informant also told Officer Hensley that defendant and the two women had guns and would not hesitate to use them.

Officer Hensley and Sgt. W. L. Dillingham went to the motel and observed rooms 52 and 53. They checked the traffic in and out of the rooms and determined that the informant had been correct in identifying the people in these rooms. Some of the people

were known gamblers, including Gene Black whom Hensley knew. On 29 March, Officer Hensley obtained a search warrant for the room registered in defendant's name. Upon arriving at the motel, however, the officers were told that defendant and the other occupants had left during the night. Officer Hensley then went to another confidential informant who told him that defendant had learned that police were checking car tags at Quality Inn and had moved to another motel. Hensley and the other officers drove to various motels until they recognized several of the cars at the Rodeway Inn, and they saw Gene Black enter room 152. Thinking that Black had seen him, Hensley did not attempt to procure a new search warrant. Instead, he went directly to room 152, announced his identity, and told everyone "to freeze." In an adjoining room were found a suitcase containing the stolen checkbooks, a checkwriting machine and two guns. No one claimed ownership of these items, and no inventory sheet of the seized items was ever given to defendant. Defendant was arrested, along with Thelma Bradley and another person who was subsequently released.

The court made findings of fact and conclusions of law and denied defendant's motion to suppress. The State then presented this, as well as additional evidence, to the jury. Defendant presented no evidence. He was convicted of both counts and was sentenced to two consecutive ten year terms of imprisonment. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney Christopher P. Brewer, for the State.*

*J. Lawrence Smith for defendant appellant.*

ARNOLD, Judge.

[1] Defendant assigns as error the trial court's refusal to allow his motion to suppress evidence seized in the Rodeway Inn motel. He argues that his Fourth Amendment rights were violated when police officers conducted a warrantless search of his motel room and that, under G.S. 15A-974, evidence obtained as a result of the search should have been excluded. Since we do not believe the search of defendant's motel room violated his Fourth Amendment rights, we reject his argument.

The Fourth Amendment does not prohibit all searches and seizures but only those which are unreasonable. *Elkins v. United States*, 364 U.S. 206, 4 L.Ed. 2d 1669, 80 S.Ct. 1437 (1960). Whether a search or seizure is unreasonable is determined upon the facts of each individual case. *State v. Reams*, 277 N.C. 391, 178 S.E. 2d 65 (1970), *cert. denied sub nom. Reams v. North Carolina*, 404 U.S. 840, 30 L.Ed. 2d 74, 92 S.Ct. 133 (1971). In the instant case defendant argues the general rule that because the search was warrantless it was *per se* unreasonable. To that rule, however, there are exceptions. One exception to the rule is a search conducted under exigent circumstances. *See e.g. State v. Johnson*, 29 N.C. App. 698, 225 S.E. 2d 650 (1976).

From the record, it is clear that exigent circumstances were present on 29 March 1977, when Officer Hensley proceeded to search the motel room without a search warrant. He stated on *voir dire* that on 29 March 1977, he obtained a warrant to search defendant's Quality Inn motel room, but when he arrived at Quality Inn defendant had left. Hensley checked with a second informant whose past reliability in supplying correct information had been shown. Based on the information obtained from this informant Officer Hensley and the other officers checked motels until they came to the Rodeway Motel where they spotted several of the cars previously observed at the Quality Inn motel. Fearing that Gene Black, whom they had observed go into a motel room, had seen them, Hensley opted for an immediate warrantless search. We believe that the trial court's findings of fact clearly show the circumstances which made necessary the immediate search:

"[T]hat at this point Officer Hensley was of the opinion that Black had seen and recognized him and would so advise the persons in the room of his presence; that he also knew at that time that the occupants of Rooms 52 and 53 at the Quality Inn had been advised that he and other officers had been seen in the vicinity of those rooms checking license plates from vehicles; that Officer Hensley, knowing of the type of person that he had observed going and coming from the Quality Court rooms and having knowledge that the parties had moved the previous night, having been told that the persons involved were professional criminals, and fearing that he had been recognized, was of the personal opinion that he

did not have time to obtain another search warrant, and was of the positive opinion that the person or persons being sought by him would flee . . . ."

We agree with the trial court's conclusion that defendant's constitutional and statutory rights were not violated by the search.

[2] Defendant's second argument is that the trial court erred in refusing to permit the witnesses for the State to divulge the names of the confidential informants. G.S. 15A-978 on which defendant relies reads in part:

"*Motion to suppress evidence in superior court or district court; challenge of probable cause supporting search on grounds of truthfulness; when identity of informant must be disclosed.*—(a) A defendant may contest the validity of a search warrant and the admissibility of evidence obtained thereunder by contesting the truthfulness of the testimony showing probable cause for its issuance. The defendant may contest the truthfulness of the testimony by cross-examination or by offering evidence. For the purposes of this section, truthful testimony is testimony which reports in good faith the circumstances relied on to establish probable cause.

(b) In any proceeding on a motion to suppress evidence pursuant to this section in which the truthfulness of the testimony presented to establish probable cause is contested and the testimony includes a report of information furnished by an informant whose identity is not disclosed in the testimony, the defendant is entitled to be informed of the informant's identity unless:

(1) The evidence sought to be suppressed was seized by authority of a search warrant or incident to an arrest with warrant; or

(2) There is corroboration of the informant's existence independent of the testimony in question."

Nowhere in the record of this case has defendant sought to contest the information on which the first warrant was obtained or the information which led police officers to search other motels.

Furthermore, defendant has failed to show in the record, or to argue in his brief, any prejudicial error to him.

In defendant's trial, therefore, we find

No error.

Judges MORRIS and MARTIN concur.