STATE OF NORTH CAROLINA v. DAVID LAMONT MILLS

No. 9012SC1198

(Filed 17 December 1991)

1. **Searches and Seizures § 8 (NCI3d)— cocaine—warrantless arrest—search incident to arrest**

     A motion to suppress crack cocaine and drug paraphernalia was properly denied where officers entered an area known for drug trafficking and used a commonly known signal; defendant approached the officers' car; the officers had previously observed defendant soliciting stopped cars; defendant walked away from the officers' car in response to a shouted warning from his companion, who was known to be a lookout for drug dealers; defendant looked nervous when the officers stopped him; and one of the officers thought he might run. Although none of these factors alone would be sufficient to establish probable cause, considering all the factors together, based upon the practical considerations of everyday life, a person of reasonable caution acting in good faith could reasonably believe that the defendant was engaged in criminal activity, and the warrantless arrest of defendant was lawful as based upon probable cause. N.C.G.S. § 15A-401(b).

     **Am Jur 2d, Searches and Seizures §§ 37, 43.**

2. **Searches and Seizures § 10 (NCI3d)— cocaine—probable cause and exigent circumstances to search—evidence admissible**

     There was probable cause to search where officers approached an area known by reputation and observation for drug dealing; defendant approached their car in response to

STATE v. MILLS

[104 N.C. App. 724 (1991)]

a commonly used signal; the defendant had previously been observed by officers soliciting stopped cars; defendant quickly walked away from the officers' car in response to a shout from his companion, who was known to be a lookout for drug dealers; defendant looked nervous when stopped by officers; and one officer thought he might run. Those factors establish probable cause to search in that a reasonable person acting in good faith could reasonably believe that a search of defendant would reveal controlled substances. There were exigent circumstances preventing officers from obtaining a warrant prior to the search in that a delay might have caused a probable absence of the purported drug violater and the probable destruction of the controlled substances.

**Am Jur 2d, Searches and Seizures §§ 37, 43, 44.**

3. **Searches and Seizures §§ 8,10 (NCI3d) — warrantless search — differing state and federal constitutional standards — not applied**

A warrantless search of defendant for cocaine did not violate his state constitutional rights. Although acknowledging the authority to construe the two documents differently, neither the North Carolina Supreme Court nor the Court of Appeals has to date applied different standards in analyzing the law of search and seizure under the federal Constitution and under the North Carolina Constitution.

**Am Jur 2d, Searches and Seizures §§ 6, 37.**

APPEAL by defendant from Order entered 4 June 1990 by *Judge Henry V. Barnette, Jr.,* in the CUMBERLAND County Superior Court. Heard in the Court of Appeals 17 September 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas D. Zweigart, for the State.*

*Michael G. Howell for the defendant appellant.*

COZORT, Judge.

Defendant David Lamont Mills was arrested in Fayetteville, North Carolina, after police officers searched him and discovered "crack" cocaine and drug paraphernalia. On 17 April 1990, defendant was charged with felonious possession of a controlled substance and possession of drug paraphernalia. On 10 May 1990, defendant

moved to suppress all physical evidence and statements obtained from him, alleging an unlawful seizure and search in violation of his constitutional rights. Judge Henry V. Barnette, Jr., denied the motion. Subsequently, defendant gave notice of appeal and pled guilty to the charges. Judge Gregory A. Weeks imposed a five-year suspended sentence, placed the defendant on supervised probation, and ordered the defendant to spend six months in the Department of Correction as a special condition of probation. We find no error in Judge Barnette's order.

On appeal, defendant contends that (1) the trial court erred in denying the motion to suppress on the grounds that the seizure and search violated the provisions of the federal Constitution; and (2) the trial court erred in denying the motion to suppress on the grounds that the seizure and search violated the provisions of the North Carolina Constitution.

The State presented the following evidence: On 19 December 1989, at approximately 11:00 p.m., Officers Cruz and Brigman of the Fayetteville Police Department approached an intersection in Fayetteville in an undercover attempt to purchase controlled substances. Officer Foster followed the officers' unmarked car at a distance. Both Officers Foster and Cruz had observed previous sales of controlled substances at the intersection. The officers testified that, based upon their personal observation, drug dealers approached cars at that intersection when the driver of the car pulled to the side of the road and turned off the headlights. Officers Cruz and Brigman approached the intersection, turned off the headlights, and observed the defendant and another man standing at the corner. Officer Foster had seen the defendant at the corner approximately five times previously in the company of other persons soliciting cars parked at the intersection and twice had observed defendant approaching cars. Based upon his previous observations, Officer Foster also recognized defendant's companion as a "lookout" for drug dealers. The defendant approached the officers' parked car. When the defendant was within one and one-half feet of the car, his companion shouted, "Hey, that's the police" or "No, that's a police car." The defendant then turned and walked quickly away from the car. He was blocked a short distance from the car by Officer Foster. Officer Foster noted that the defendant was "almost shaking" and that he acted very nervous. Officer Cruz joined Officer Foster and defendant on the sidewalk. Officer Foster frisked defendant for weapons. Upon Officer Foster's request, defendant con-

sented to a search of his pockets. Officer Foster discovered a "crack pipe" and a ten dollar bill with "crack" cocaine inside. The defendant was placed under arrest.

Defendant presented the following evidence: On 19 December 1989, he was visiting a female friend who lived in the area. As he was leaving his friend's house he saw a man whom he knew at the intersection. The man warned him that police officers were in the area and to be careful if he possessed any drugs. After this warning, the police officers approached him, got out of their vehicles, told him he was under arrest, and then searched him. The officers had their electric stun guns drawn. Defendant testified that he did not feel free to leave and permitted the officer to search him "[b]ecause if I would have resisted, I would have been charged with delay and obstruct, and I would have probably been electrocuted."

The trial court made findings of fact consistent with the State's evidence. Based upon the findings of fact, the trial court made the following conclusions of law:

1. The officers had a reasonable basis to believe that the Defendant had in his possession a controlled substance which he intended to sell. Therefore, they not only had a reasonable basis to make an investigative stop of the Defendant, but also probable cause to search his person.

2. The Court cannot find that the Defendant's purported consent to have his pockets searched was freely and voluntarily given.

3. However, the existence of probable cause justified the officers in searching the Defendant. Therefore, the search was reasonable under the Fourth and Fourteenth Amendments to the United States Constitution.

Appellate review of a denial of a motion to suppress is limited to determining whether the trial court's findings of fact are supported by competent evidence, in which case they are binding on appeal, and whether the findings of fact in turn support the conclusions of law. State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). We find that the trial court's findings of fact are well founded in the evidence presented at the hearing and that the findings of fact support the conclusions of law.

Defendant argues that the trial court erred in concluding that the warrantless search did not violate defendant's federal constitutional rights. Specifically, defendant contends that the seizure and search did not fall within one of the well-recognized exceptions to the warrant requirement. We disagree, finding the search valid on two grounds: incident to arrest and based upon probable cause and exigent circumstances.

[1] A warrantless arrest is lawful if based upon probable cause, *Brinegar v. United States*, 338 U.S. 160, 93 L.Ed. 1879 (1949); *State v. Phillips*, 300 N.C. 678, 683-84, 268 S.E.2d 452, 456 (1980), and permitted by state law. *State v. Wooten*, 34 N.C. App. 85, 88, 237 S.E.2d 301, 304 (1977). N.C. Gen. Stat. § 15A-401(b)(1) (Cum. Supp. 1991) provides that "An officer may arrest without a warrant any person who the officer has probable cause to believe has committed a criminal offense in the officer's presence." Facts establishing probable cause must be sufficient to justify the issuance of an arrest warrant even though one has not been requested prior to the arrest. *See Phillips*, 300 N.C. at 684, 268 S.E.2d at 456.

An officer may conduct a warrantless search incident to a lawful arrest. *State v. Hardy*, 299 N.C. 445, 455, 263 S.E.2d 711, 718 (1980). A search is considered incident to arrest even if conducted prior to formal arrest if probable cause to arrest exists prior to the search and the evidence seized is not necessary to establish that probable cause. *Wooten*, 34 N.C. App. at 89, 237 S.E.2d at 305.

In *State v. Zuniga*, 312 N.C. 251, 322 S.E.2d 140 (1984), the North Carolina Supreme Court discussed the concept of probable cause for arrest at length, citing *Brinegar*. In *Brinegar*, the United States Supreme Court stated:

> [P]robabilities . . . are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.
>
> . . . Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge, and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed.

STATE v. MILLS

[104 N.C. App. 724 (1991)]

*Brinegar*, 338 U.S. at 175-76, 93 L.Ed. at 1890 (citation omitted). The North Carolina Supreme Court noted that

> [W]hile a reviewing court must, of necessity view the action of the law enforcement officer in retrospect, our role is not to import to the officer what in our judgment, as legal technicians, might have been a prudent course of action; but rather our role is to determine whether the officer has acted as a man of reasonable caution who, in good faith and based upon practical consideration of everyday life, believed the suspect committed the crime for which he was later charged.

*Zuniga*, 312 N.C. at 262, 322 S.E.2d at 147.

In determining whether probable cause existed to arrest a court may consider the following non-exclusive factors: (1) the time of day, *see State v. Rinck*, 303 N.C. 551, 560, 280 S.E.2d 912, 920 (1981); (2) the defendant's suspicious behavior, *see Peters v. New York*, 392 U.S. 40, 66-67, 20 L.Ed.2d 917, 936-37 (1968); and *State v. Bridges*, 35 N.C. App. 81, 85, 239 S.E.2d 856, 858-59 (1978); (3) flight from the officer or the area, *see Zuniga*, 312 N.C. at 263, 322 S.E.2d at 147; and (4) the officer's knowledge of defendant's past criminal conduct, *see Phillips*, 300 N.C. at 684, 268 S.E.2d at 456.

The trial court's findings of fact reveal the following: The officers approached the intersection at 11:00 p.m. The officers knew through personal observations and by reputation that the area was known for drug trafficking. The defendant approached the car apparently in response to a commonly used signal, known by the police officers, of pulling the car over to the curb and turning off the headlights. The officers had observed defendant at the intersection five times before in the company of others soliciting stopped cars and had observed defendant soliciting cars twice before. Defendant's companion was known by one of the officers to be a lookout for drug dealers. The lookout shouted a warning as defendant came close to the police car. Upon the lookout's warning, defendant turned and quickly walked away from the car. When the officers stopped defendant, he looked nervous, and one of the officers thought he might run. Although none of these factors alone would be sufficient to establish probable cause, considering all the factors together, based upon the practical considerations of everyday life, we find that a person of reasonable caution acting in good faith could reasonably believe that the defendant was engaged in criminal activity. Accordingly, we conclude that the warrantless

arrest of the defendant was lawful as based upon probable cause and permitted by N.C. Gen. Stat. § 15A-401(b) (Cum. Supp. 1991). Thus, the search incident to the lawful arrest, whether conducted before or after formal arrest, was constitutionally permissible.

[2] We also find the search constitutionally permissible as based on probable cause and conducted under exigent circumstances. A warrantless search is lawful if probable cause exists to search and the exigencies of the situation make search without a warrant necessary. *State v. Allison*, 298 N.C. 135, 141, 257 S.E.2d 417, 421 (1979). Although probable cause to arrest and probable cause to search are not always identical, we find that the factors set forth above establishing probable cause to arrest also establish probable cause to search, in that a reasonable person acting in good faith could reasonably believe that a search of the defendant would reveal the controlled substances sought which would aid in his conviction. *See State v. Lindsey*, 58 N.C. App. 564, 565, 293 S.E.2d 833, 834 (1982).

In order for the warrantless search to be valid, however, we must also find exigent circumstances. In *State v. Johnson*, 29 N.C. App. 698, 225 S.E.2d 650 (1976), we found "exigent circumstances" justifying a warrantless search. In *Johnson*, a police officer received a tip from a confidential reliable informant that the defendant was standing on the street in front of some apartments and offering cocaine for sale. The officer immediately proceeded to the apartments located about twenty minutes away from the police station. The officer did not obtain a search warrant. Upon arriving at the apartments and locating the defendant, the officer conducted an "emergency search" and discovered three bags of heroin. We concluded that the distance of the defendant from the police station and the "known mobility of the drug 'pusher,' justified the officer in proceeding directly to the defendant without first proceeding to a magistrate's office to obtain a search warrant which would have caused substantial delay in arriving at the scene and the probable absence of the purported drug violator." *Id.* at 701, 225 S.E.2d at 652.

In *Wooten*, 34 N.C. App. 85, 237 S.E.2d 301, we recognized the existence of exigent circumstances, although deciding the case on the basis of a lawful search incident to arrest. In *Wooten*, a confidential informant reported to a police officer that the defendant was dealing drugs in a certain area. Later that evening the informant met with the officer and reported seeing the defendant

with heroin in the area known as "the block." The officer, accompanied by three other officers, approached the defendant, searched him, and discovered weapons and cash, but no drugs. After defendant was placed under arrest and taken to the police station, officers discovered in the defendant's hands a manila envelope containing packets of heroin. Noting that the trial court "found as a fact that defendant might leave the area if he was not apprehended and searched, and that the 'exigency' of the situation prevented the officers from first obtaining an arrest warrant or a search warrant," we could not conclude as a matter of law that the findings were unreasonable. *Id.* at 89, 237 S.E.2d at 304.

Similarly in the case at bar, the exigency of the circumstances prevented the officers from obtaining a search warrant prior to the search. The officers detained defendant after he turned and started walking away from the car. If the officers had taken the time to obtain a search warrant, the delay might have caused a "probable absence of the purported drug violator" and also the probable destruction of the controlled substances. Therefore, we conclude that the search was valid as based upon probable cause and conducted under exigent circumstances.

[3] Defendant also argues that the search violated his state constitutional rights. Pointing to the differences in language in the Fourth Amendment of the United States Constitution and Article I, Section 20 of the North Carolina Constitution, defendant argues that the North Carolina Constitution is "more protective of a person's privacy . . . [and] requires a stricter standard in justifying a warrantless search." Defendant further supports his argument by relying upon *State v. Carter*, 322 N.C. 709, 370 S.E.2d 553 (1988), in which the North Carolina Supreme Court refused to recognize a good faith exception to the exclusionary rule and acknowledged that "we have the authority to construe our own constitution differently from the construction by the United States Supreme Court of the Federal Constitution," as long as our citizens are thereby accorded no lesser rights than they are guaranteed by the parallel federal provision. *Id.* at 713, 370 S.E.2d at 555. Although acknowledging the authority to construe the two documents differently, neither the North Carolina Supreme Court nor this Court has, to date, applied different standards in analyzing the law of search and seizure under the federal Constitution and under the North Carolina Constitution. We decline to do so here. We find no merit in defendant's second assignment of error.

The trial court's order denying the motion to suppress is Affirmed.

Judges ORR and LEWIS concur.