**STATE v. WHITTED**

[112 N.C. App. 640 (1993)]

STATE OF NORTH CAROLINA v. WAYNE OSCAR WHITTED, JR., Defendant

No. 9212SC1237

(Filed 16 November 1993)

**Searches and Seizures § 26 (NCI4th)— stop of vehicle—probable cause to search defendant—sufficiency of evidence**

An officer had probable cause to search defendant where the officer knew that the car in which defendant was a passenger fled at high speed from in front of a residence known for drug trafficking; the officer knew drug transactions were frequently made at curbside in this neighborhood; after the stop defendant acted suspiciously by pushing something into his pocket and refusing to remove his hand after the officer asked him to do so; during the pat down for weapons, the officer felt a pebble in defendant's pocket; and based upon the surrounding circumstances, his experience, and his knowledge that the most common type of drug sold in that neighborhood was crack rather than powder cocaine, the officer believed that the pebble was crack cocaine.

**Am Jur 2d, Searches and Seizures § 70.**

**Law enforcement officer's authority, under Federal Constitution's Fourth Amendment, to stop and briefly detain, and to conduct limited protective search of or "frisk," for investigative purposes, person suspected of criminal activity— Supreme Court cases. 104 L. Ed. 2d 1046.**

Appeal by defendant from judgment entered 20 August 1992 by Judge B. Craig Ellis in Cumberland County Superior Court. Heard in the Court of Appeals 27 September 1993.

On 31 May 1991, members of the Fayetteville Police Department's Emergency Response Team (ERT) were notified by radio that another ERT member was about to stop a car which had been parked in front of a residence and fled at a high rate of speed after the driver spotted a marked ERT patrol car. Defendant was a passenger in this car. The area from which defendant fled was known for frequent drug sales, especially of crack cocaine. People commonly pulled over to the curbside, after being flagged down, and purchased drugs. This particular area had been under surveillance for thirty days prior to this stop, and several arrests

had been made based on drug transactions at the residence from which defendant fled. On the night defendant was stopped, the ERT officers noticed activity at the residence which indicated to them that drugs were being sold.

Two ERT patrol cars were on hand when defendant and the driver of the fleeing car were stopped. Officers went to each side of the car to investigate. Defendant was sitting in the front passenger seat. The officer on defendant's side noticed that defendant kept his hand by his front pants pocket and "kept pushing something down." Defendant did not move his hand when the officer asked him to do so, and this prompted the officer to pat down defendant for weapons. During the pat down, the officer felt a hard substance in defendant's pocket which he believed, based on his experience and knowledge of the circumstances, was crack cocaine. He removed the substance and discovered that it was crack cocaine.

Defendant was charged with felonious possession of a controlled substance and pleaded guilty after the trial judge denied his motion to suppress the cocaine. The trial judge sentenced defendant to a five year prison term. From this judgment defendant appeals.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Thomas D. Zweigart, for the State.*

*Larry J. McGlothlin for defendant appellant.*

ARNOLD, Chief Judge.

Defendant apparently concedes that stopping the vehicle and patting down defendant for weapons was constitutionally permissible. He argues that the issue is whether or not feeling the pebble in defendant's pocket, combined with all the surrounding circumstances, gave the officer probable cause to search defendant. We believe probable cause existed.

The officer knew that the car in which defendant was a passenger fled at high speed from in front of a residence known for drug trafficking. In fact, several arrests recently had been made at this residence. The officer also knew that drug transactions were frequently made at curbside in this neighborhood. After the stop, defendant acted suspiciously by pushing something into his pocket and refusing to remove his hand after the officer asked him to do so. During the pat down for weapons, the officer felt

STATE v. WHITTED

[112 N.C. App. 640 (1993)]

a pebble in defendant's pocket. Based upon the surrounding circumstances, his experience, and his knowledge that the most common type of drug sold in that neighborhood was crack rather than powder cocaine, the officer believed that the pebble was crack cocaine.

Suspicious behavior and flight from officers are obvious factors which support a finding of probable cause to arrest or to search. *State v. Mills*, 104 N.C. App. 724, 729-30, 411 S.E.2d 193, 196 (1991). The nature of the area in which the arrest was made and the number of drug related arrests in that area may also be considered in the totality of the circumstances. *Id.* The circumstances in this case gave rise to probable cause to search defendant after the officer felt the pebble in defendant's pocket.

The trial judge's findings of fact were supported by evidence in the record, and his conclusions were properly drawn from those findings. The order denying defendant's motion to suppress is affirmed.

Affirmed.

Judges WYNN and JOHN concur.