STATE OF NORTH CAROLINA v. JERMAINE CHADWICK

No. COA01-4

(Filed 5 March 2002)

**Search and Seizure— tip—crime in progress—probable cause to arrest**

The trial court improperly granted a motion to suppress narcotics where an officer received detailed information from a known and reliable informant indicating that defendant would be delivering a large amount of cocaine to a specific location; surveillance was set up; and officers independently corroborated the information given by the known informant with particularity. The circumstances established sufficient indicia of reliability that defendant was engaged in criminal activity to give officers probable cause to seize and arrest defendant. An officer may conduct a warrantless search incident to a lawful arrest; the large quantity of cocaine found on defendant was unnecessary to establish probable cause to arrest.

Appeal by the State from order entered 9 October 2000 by Judge W. Allen Cobb, Jr. in Onslow County Superior Court. Heard in the Court of Appeals 29 January 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General William P. Hart and Assistant Attorney General Christopher W. Brooks, for the State.*

*John W. Ceruzzi, for defendant-appellee.*

TYSON, Judge.

The State of North Carolina appeals the trial court's order granting defendant's motion to suppress evidence. We reverse the trial court's order.

STATE v. CHADWICK

[149 N.C. App. 200 (2002)]

## I. Facts

Deputy Kirk Newkirk ("Deputy Newkirk") received a page from a known informant at 12:30 a.m. on 16 December 1999 and returned the call. The informant advised Deputy Newkirk that someone known as "Breeze," later identified as Jermaine Chadwick ("defendant"), would deliver large amounts of cocaine to the parking lot of a Texaco gas station located at the corner of Highway 17 North and Piney Green Road to conduct a drug transaction. Deputy Newkirk testified at the hearing that he knew defendant "from around town." Moments after the call, Deputy Newkirk set up surveillance in the area near the Texaco station with other officers from Onslow County and the Jacksonville police department. At approximately 1:18 a.m. Deputy Newkirk and the other officers observed a black Nissan Sentra automobile, driven by a black woman with an unidentified black man sitting in the passenger seat, turn into the Texaco parking lot and park next to a telephone booth.

The "take down" signal was given. Deputy Charles Carnes approached the passenger side of the car, his gun drawn, ordered defendant to exit the car, opened the door, pulled defendant to the ground, and handcuffed him. Deputy Carnes noticed a large lump in defendant's front pockets, conducted a pat-down search, and pulled the bulge out of defendant's pockets. The white powder was later identified as 112.4 grams of powdered cocaine. Defendant was detained while officers questioned the driver, Ms. Hatchell. Ms. Hatchell requested that she be allowed to return home to check on her child. Officers escorted Ms. Hatchell to her house where she consented to a search.

At the scene defendant made numerous incriminating statements to police. Deputies told defendant that Ms. Hatchell was escorting police to her house, and defendant told the deputies that he had placed marijuana in the closet and cocaine between the mattresses. Officers recovered three pounds of marijuana and one-half ounce of cocaine from that location. Defendant admitted that he owned those drugs. The deputies placed defendant into the patrol car. Defendant asked the deputies how they knew he was selling drugs because no one knew. Defendant was driven to the Onslow County Sheriff's Office where he was advised of his Miranda rights. The defendant then signed a waiver of his rights and communicated a statement admitting ownership of all the drugs. Defendant was released and no formal charges were filed at that time.

STATE v. CHADWICK

[149 N.C. App. 200 (2002)]

On 26 January 2000, Deputy Newkirk obtained a warrant, arrested defendant, and charged him with (1) trafficking cocaine by manufacturing, (2) trafficking cocaine by possession, (3) trafficking cocaine by delivery, (4) trafficking cocaine by transporting, (5) possession with intent to sell and deliver marijuana, and (6) manufacturing marijuana. The Onslow County Grand Jury indicted defendant on all offenses except trafficking in cocaine by delivery.

Defendant filed a motion to suppress on 4 August 2000. At the hearing defendant offered no evidence. The trial court took the matter under advisement, and granted defendant's motion to suppress on 19 September 2000. The State appeals.

## II. Issue

The only issue on appeal is whether the officers and deputies had probable cause to arrest defendant.

Orders of the superior court granting motions to suppress evidence are appealable to the appellate division prior to trial provided that the prosecutor certifies that the appeal is not taken for the purpose of delay and that the evidence is essential to the case. N.C. Gen. Stat. § 15A-979 (1979); *State v. Dobson*, 51 N.C. App. 445, 446, 276 S.E.2d 480, 482 (1981). The State filed a certificate on 27 September 1999 complying with all of the requirements of G.S. § 15A-979, and the appeal is properly before us.

Our review of a trial court's conclusions of law on a motion to suppress is *de novo*. *State v. Brooks*, 337 N.C. 132, 140-41, 446 S.E.2d 579, 585 (1994).

## A. Probable Cause Based On Informant's Tips

The State argues that the trial court erred by concluding that defendant's arrest was "illegal, unlawful and in violation of Defendant's rights," and that the officers lacked probable cause to believe that defendant had committed or was committing a crime. We agree.

"An arrest is *constitutionally* valid whenever there exists probable cause to make it." *State v. Wooten*, 34 N.C. App. 85, 88, 237 S.E.2d 301, 304 (1977) (emphasis in original).

" '[P]robable cause requires only *a probability or substantial chance* of criminal activity, not an actual showing of such activity.' "

## STATE v. CHADWICK

[149 N.C. App. 200 (2002)]

*State v. Riggs*, 328 N.C. 213, 219, 400 S.E.2d 429, 433 (1991) (emphasis in original) (quoting *Illinois v. Gates*, 462 U.S. 213, 243 n.13, 76 L. Ed. 2d 527, 552 n.13 (1983)). "Probable cause exists when there is 'a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty.' " *State v. Joyner*, 301 N.C. 18, 21, 269 S.E.2d 125, 128 (1980) (quoting *State v. Streeter*, 283 N.C. 203, 195 S.E.2d 502 (1973) (citation omitted)).

Probable cause can be established through the use of informants. *Gates*, 462 U.S. 213, 76 L. Ed. 2d 527. " 'In utilizing an informant's tip, probable cause is determined using a 'totality-of-the circumstances' analysis which 'permits a balanced assessment of the relative weights of all the various indicia of reliability (and unreliability) attending an informant's tip.' " *State v. Holmes*, 142 N.C. App. 614, 621, 544 S.E.2d 18, 22 (2001) (quoting *State v. Earhart*, 134 N.C. App. 130, 133, 516 S.E.2d 883, 886 (1999)). A known informant's information may establish probable cause based on a reliable track record, or an anonymous informant's information may provide probable cause if the caller's information can be independently verified. *Alabama v. White*, 496 U.S. 325, 332, 110 L. Ed. 2d 301, 310 (1990); *Gates*, 462 U.S. at 245-46, 76 L. Ed. 2d at 553; *State v. Trap*, 110 N.C. App. 584, 589-90, 430 S.E.2d 484, 488 (1993); *Riggs*, 328 N.C. at 219, 400 S.E.2d at 433.

At bar the trial court concluded that the officers had "a reasonable and articulate suspicion" that defendant was transporting narcotics. It also concluded that the circumstances "reasonably justified a warrantless intrusion to stop and search the Defendant's person and property." The trial court then concluded, however, that defendant's arrest was unlawful and illegal because the officers did not have probable cause to believe that defendant "had committed or was committing a crime." This ruling was error.

Deputy Newkirk returned a known and reliable informant's page at 12:30 a.m. The informant furnished Deputy Newkirk detailed information including that defendant would be delivering a large amount of cocaine to a specific location in about fifty minutes. The informant told Deputy Newkirk that defendant was about to (1) deliver a large amount of cocaine to a specific location, (2) be driven by a black female in an older model four-door black Nissan Sentra, because defendant did not have a driver's license, (3) be taken to a Texaco station at the corner of Highway 17 North and Piney Green Road, (4) be traveling from a certain direction, (5) park next to a telephone booth

in the parking lot, (6) act like he was there to use the telephone, and (7) conduct a drug transaction there.

Based on information that a crime was in progress, Deputy Newkirk set up surveillance near the location provided by the known informant. Deputy Newkirk and other officers independently corroborated all the information given by the known informant with minute particularity. Deputy Newkirk testified that "this wasn't the first time that we—we had set a deal up with—with the defendant." Deputy Newkirk observed the older model four-door black Nissan Sentra pass by his surveillance location. Deputy Newkirk testified that at that moment he recognized defendant in the passenger seat. All of the officers observed the Nissan drive into the Texaco parking lot and drive toward the earlier described telephone booth. Deputy Newkirk testified that the confidential informant was known to him and had proven reliable on prior occasions.

Deputy Newkirk and the other officers verified all of the informant's information which proved to be reliable to the smallest detail. All of these factors establish that Deputy Newkirk and the other officers had probable cause to seize, arrest and search defendant. " '[P]robable cause to arrest and search defendant existed on the basis of the minute particularity with which the informant described defendant and the physical and independent verification of this description' by the officer." *State v. Ellis*, 50 N.C. App. 181, 184, 272 S.E.2d 774, 776 (1980) (quoting *State v. Ketchie*, 286 N.C. 387, 393, 211 S.E.2d 207, 211 (1975)). "Once he corroborated the description of the defendant and his presence at the named location, [Deputy Newkirk] had reasonable grounds to believe a felony was being committed in his presence which in turn created probable cause to arrest and search defendant." *Wooten*, 34 N.C. App. at 88, 237 S.E.2d at 304. We hold that these facts and circumstances sufficiently established an indicia of reliability that defendant was engaged in criminal activity to provide the officers with probable cause to seize and arrest defendant based on a known reliable informant's tip independently corroborated and verified by the officers in minute detail.

### B. Warrantless Arrest and Search

"Police officers may arrest without a warrant any person who they have probable cause to believe has committed a felony." *State v. Hunter*, 299 N.C. 29, 34, 261 S.E.2d 189, 193 (1980) (citing G.S. § 15A-401(b)(2)a; *United States v. Watson*, 423 U.S. 411, 46 L. Ed.2d

**STATE v. CHADWICK**

[149 N.C. App. 200 (2002)]

598 (1976)). "A warrantless arrest is lawful if based upon probable cause, *Brinegar v. United States*, 338 U.S. 160, 93 L. Ed. 1879 (1949); *State v. Phillips*, 300 N.C. 678, 683-84, 268 S.E.2d 452, 456 (1980), and permitted by state law." *State v. Mills*, 104 N.C. App. 724, 728, 411 S.E.2d 193, 195 (1991) (citing *Wooten*, 34 N.C. App. at 88, 237 S.E.2d at 304).

Transporting large amounts of cocaine is felonious criminal activity. N.C. Gen. Stat. § 90-95 (2001). The deputies and officers had probable cause to believe that defendant was transporting large quantities of cocaine. We hold that the officers and deputies had probable cause to believe that defendant was engaged in criminal activity sufficient to justify a warrantless arrest. N.C. Gen. Stat. § 15A-401(b) (1999).

"An officer may conduct a warrantless search incident to a lawful arrest." *Mills*, 104 N.C. App. at 728, 411 S.E.2d at 195 (citing *State v. Hardy*, 299 N.C. 445, 455, 263 S.E.2d 711, 718 (1980)). "A search is considered incident to arrest even if conducted prior to formal arrest if probable cause to arrest exists prior to the search and the evidence seized is not necessary to establish that probable cause." *Id.* (citing *Wooten*, 34 N.C. App. at 89, 237 S.E.2d at 305).

Probable cause to arrest defendant existed prior to the defendant being searched. The large quantity of cocaine found on defendant was unnecessary to establish probable cause to arrest. We hold that the search of defendant was incident to a lawful arrest.

The trial court improperly granted defendant's motion to suppress the evidence. All evidence seized and statements made as a result of the lawful seizure, arrest and search of defendant were properly and legally obtained. We reverse the trial court's order to suppress.

Reversed.

Judges GREENE and HUNTER concur.