STATE OF NORTH CAROLINA v. BOBBY RAY JONES

No. 7014SC473

(Filed 18 November 1970)

Searches and Seizures § 1; Criminal Law § 84— search of defendant by
arresting officers — second search of defendant at jail — incident to
lawful arrest

> Where two police officers arrested defendant on a charge of
> escaping from prison and frisked defendant on the spot but found no
> weapons, and a third officer came to the scene of the arrest and took
> defendant to jail, a search of defendant at the jail by the third officer
> without a warrant was lawfully conducted as an incident of defend-
> ant's arrest, and evidence discovered as a result of the search was
> properly admitted in a trial of defendant for forgery and uttering.

APPEAL by defendant from *Canaday, Superior Court Judge,*
6 April 1970 Criminal Term of DURHAM Superior Court.

On 21 July 1969 Officers Kelly and Joyner of the uniformed
division of the Durham Police Department arrested the defend-
ant Bobby Ray Jones on a charge of escaping from prison two
or three months earlier. The arresting officers frisked Jones
on the spot but found no weapons. The officers had no car, so
they called Detective Leathers at the Durham Police station and
asked that he come out to the scene of the arrest (about a ten-
minute drive from the station) to escort their prisoner back to
jail. Detective Leathers did so.

At the jail Detective Leathers took Jones to an interroga-
tion room where he searched Jones and Jones' effects. Detective
Leathers had neither a search warrant nor Jones' permission
to search. The search was described by Detective Leathers as
"customary and routine" procedure when jailing prisoners. De-
tective Leathers testified on *voir dire* that he was searching for
proofs of any crime.

On this evidence, the trial judge concluded: That the search
was made "pursuant to and incidental to a lawful arrest" and
that the detective did not need a search warrant.

In the search Detective Leathers found a Selective Service
registration card and a check, both bearing the name of Levon
Stanley. Three days after the search Detective Leathers invesi-
gated a bad check complaint from a local merchant. He found
the check involved to be similar to the one that he had seized
from Jones during the jail search, although it bore a different

signature and the endorsements of "Levon Stanley" on the two checks appeared to have been written by different hands. Detective Leathers continued to investigate this new turn of events and interrogated Jones at Central Prison in Raleigh in August, with the result that in February 1970, the Grand Jury indicted Jones on a charge of forgery and uttering. At Jones' trial the court admitted into evidence, over defense counsel's objections, the Selective Service registration card and the check seized by Detective Leathers during the jail search, as well as the similar check involved in the complaint which Detective Leathers investigated three days later.

The trial court denied defense motions for suppression of the evidence seized during the jail search and for judgment as of nonsuit. The defendant presented no evidence. Jones was convicted as charged and sentenced to a term of eight (8) to ten (10) years in prison. From the conviction, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General I. Beverly Lake, Jr., and Staff Attorney Ronald M. Price for the State.*

*A. H. Borland for defendant appellant.*

VAUGHN, Judge.

The sole question presented on this appeal is properly stated by the appellant as follows:

"Whether, under the facts of this case the trial court committed reversible error, requiring a new trial in denying defense motions for suppression of illegally seized evidence and for judgment as of nonsuit?"

We hold that appellant's question should be answered in the negative. Appellant had been arrested, his person was validly under the physical dominion of the law, and there is nothing in the record to indicate that the search at the police station was unreasonable. The search being proper, any evidence obtained thereby was properly admitted. *State v. Shedd,* 274 N.C. 95, 161 S.E. 2d 477; *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269.

We do not agree with defendant's contention that this search violated any of defendant's rights under the United States Constitution. In *Charles v. United States,* 278 F. 2d 386 (9th Cir. 1960), *cert.* den. 364 U.S. 831, 81 S. Ct. 46, 5 L. Ed.

2d 59, rehearing denied, 364 U.S. 906, 81 S. Ct. 230, 5 L. Ed. 2d 198, the defendant was arrested at his home upon two warrants charging him with threatening and assault and battery. The defendant was frisked immediately upon arrest. A short time later, defendant's pockets were searched, and a packet of marijuana was disclosed. The defendant was then arrested for unlawful possession of narcotics. In discussing the propriety of admitting the marijuana into evidence, the Ninth Circuit Court of Appeals said:

> ". . . [I]t seems to us that a search of the person of the accused, even for the purpose of uncovering evidence of a crime other than that which is charged, is generally incident to a valid arrest. Power over the body of the accused is the essence of his arrest; the two cannot be separated. To say that the police may curtail the liberty of the accused but refrain from impinging upon the sanctity of his pockets except for enumerated reasons is to ignore the custodial duties which devolve upon arresting authorities. Custody must of necessity be asserted initially over whatever the arrested party has in his possession at the time of the apprehension. Once the body of the accused is validly subjected to the physical dominion of the law, inspections of his person, regardless of purpose, cannot be deemed unlawful, see *People v. Chiagles*, 1928, 237 N.Y. 193, 142 N.E. 583, 32 A.L.R. 676, unless they violate the dictates of reason either because of their number or their manner of perpetration."

Another similar case is *Bailey v. U.S.*, 404 F. 2d 1291 (D.C. Cir. 1968). Bailey was arrested in a restaurant on a charge of armed robbery. The arresting officers took him to the street and frisked him. Bailey was then taken to the police station and booked. A search of Bailey's clothing at the police station revealed a quantity of heroin capsules. The Court of Appeals for the District of Columbia Circuit held that the search at the police station was "clearly reasonable," citing *Charles v. United States, supra.*

Appellant asserts that *Chimel v. California*, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 limits the scope of a search of a prisoner at police headquarters. That question was considered in January of 1970 by the First Circuit Court of Appeals in *United States v. DeLeo*, 422 F. 2d 487 (1st Cir. 1970), *cert.* den. 397 U.S. 1037, 90 S. Ct. 1355, 25 L. Ed. 2d 648. DeLeo was

arrested at a drugstore on charges of federal bank robbery. The arresting officer frisked him at the place of arrest. Forty minutes later at local F.B.I. headquarters, agents again searched DeLeo and found incriminating evidence. The Court considered the line of cases (specifically including *Charles v. United States, supra*) holding that a second search at police headquarters is valid, and concluded:

> "We disagree that *Chimel v. California, supra,* has overruled these cases. We are disinclined to read *Chimel* as teaching new doctrine on the subject of search of an accused shortly after his arrest at the first place of detention; the rationale of *Chimel* does not require its extension to cases like that at bar, for the evil sought to be rooted out is not present."

> \*   \*   \*   \*

> "The difference between the situation in *Chimel* and that in the case before us is this: the arrest of a suspect in a particular place—be it his apartment, office, or house—has no such nexus with that place as, without more (i.e., a valid search warrant), would justify searching the premises; but the fact that a suspect arrested in a public place, has been subjected only to a hasty search for obvious weapons has a reasonable nexus with the necessity of conducting a more deliberate search for weapons or evidence just as soon as he is in a place where such a search can be performed with thoroughness and without public embarrassment."

Appellant's assignment of error with respect to the denial of his motion for judgment as of nonsuit at the close of the State's evidence is without merit. The evidence was sufficient to go to the jury.

No error.

Judges CAMPBELL and BRITT concur.