STATE OF NORTH CAROLINA v. DAVID ARVEL PARKER

No. 7115SC366

(Filed 14 July 1971)

1. Arrest and Bail § 3; Searches and Seizures § 1— arrest without warrant — search of the person — possession of LSD — validity of the arrest and search

The warrantless arrest of defendant for the felonious possession of LSD and the subsequent warrantless searches of his person were lawful, where (1) the arresting officer received information from a reliable informant that two unknown persons, accompanied by the defendant, were on a certain street and that the two unknown persons had narcotic drugs in their possession; (2) the officer briefly observed the three suspects walking on the sidewalk; (3) the officer arrested the defendant on the street for the possession of narcotic drugs, but the search of defendant's person at that time uncovered no drugs; and (4) a subsequent "strip search" at the police station resulted in the finding of 13 LSD tablets in defendant's clothing. G.S. 15-41.

2. Searches and Seizures § 1— search without warrant — conflicting testimony on voir dire

Trial court's finding of fact that the arresting officer had placed the defendant under arrest prior to his search of the defendant's person was supported by the arresting officer's own testimony on *voir dire*, although there was tape-recorded evidence of the officer's statement at the preliminary hearing that the defendant was not placed under arrest until after LSD was found on his person at the police station.

3. Narcotics § 1— possession of LSD

It is a felony to possess LSD in any quantity for any purpose in the absence of proof that the possession was lawful under the provisions of the Narcotic Drug Act.

APPEAL by defendant from *Bickett, Judge,* at the 14 January 1971 Criminal Session of ORANGE Superior Court.

Defendant was tried on a bill of indictment, proper in form, charging that on 10 December 1970 he did unlawfully, wilfully and feloniously have in his possession a quantity of narcotic drugs, to wit: Lysergic Acid Diethylamide (LSD) for the purpose of sale. The jury returned a verdict of guilty and the court imposed a prison term of not less than three nor more than five years. It appearing to the court that defendant was AWOL from the Army and had not attained age 21, it was ordered that defendant be committed to a camp for youthful offenders "but not as a committed youthful offender." From the judgment imposed, defendant appealed.

*Attorney General Robert Morgan by Walter E. Ricks III, Associate Attorney, for the State.*

*Graham & Cheshire by Lucius M. Cheshire for defendant appellant.*

BRITT, Judge.

[1] All of defendant's assignments of error relate to the admission of testimony by Chapel Hill police officers to the effect that pursuant to a search of defendant's person and clothing they found 13 tablets of LSD. Prior to the introduction of evidence, defendant moved to suppress the evidence pertaining to the LSD. The court conducted a *voir dire* after which it declared the evidence admissible.

It is undisputed that the arrest of defendant and the searches of his person were without an arrest warrant or a search warrant. The evidence of Chapel Hill police given at the *voir dire* is summarized in pertinent part as follows: Around 3:00 p.m. on 10 December 1970, Lt. Pendergrass of the Chapel Hill Police Department received information from a source that had provided police with reliable information in the past, that two persons, whose names were unknown, accompanied by a third person known to Chapel Hill police, were on the south side of Franklin Street in Chapel Hill near the Methodist Church and that the two unknown persons had narcotic drugs in their possession. As a result of this information, Lt. Pendergrass and two other police officers went by car from the police station to East Franklin Street where they saw the three suspects walking on the sidewalk. After observing them for a brief period of time, the police approached the suspects; Officer Allison testified that he arrested defendant, telling defendant that he was under arrest for possession of narcotics. A subsequent search of the defendant on Franklin Street failed to reveal any narcotics. Thereafter defendant and the other men were carried to the police station where they were "strip searched"; as a result of this search 13 tablets of LSD were found in defendant's clothing. Thereafter police obtained a warrant for defendant charging him with felonious possession of narcotic drugs.

Defendant testified on *voir dire,* stating that he was not placed under arrest until after he was searched at the police station and the LSD was found. Defendant introduced into evi-

dence a tape recording of the testimony of Lt. Pendergrass given at the preliminary hearing in district court; this testimony included a statement to the effect that it was after the LSD was found that defendant was placed under arrest.

Following the *voir dire,* the trial judge found as a fact that the Chapel Hill police had reliable information that a felony was being committed, that they had reasonable grounds to believe that a felony was being committed by defendant, and that they had a right to arrest without a warrant; "that the search made at the scene on Franklin Street was lawful and a lawful incident of the arrest and that the defendant was carried to the Chapel Hill Police Department under arrest and that he was under lawful arrest and that a more private search could be made at the jail than could be made on Franklin Street, and that the search of Mr. Parker (defendant) in the jail by the detectives in which they discovered 13 * * * (LSD) pills was lawful; that all arrests, searches and seizures were lawful and that said evidence is competent to be admitted into trial."

[2] We hold that the searches of defendant were not unlawful and that the 13 LSD pills found in defendant's clothing were properly admitted into evidence. Although evidence presented by defendant at the *voir dire* indicated that he was not arrested until after the LSD was discovered, there was evidence to the contrary which the trial judge elected to believe and which was sufficient to support his finding that defendant was placed under arrest prior to any search.

[3] A police officer may search the person of one whom he has lawfully arrested as an incident of such arrest. *State v. Haney,* 263 N.C. 816, 140 S.E. 2d 544 (1965). In the course of such search, the officer may lawfully take from the person arrested any property which such person has about him and which is connected with the crime charged or which may be required as evidence thereof; if such article is otherwise competent, it may properly be introduced in evidence by the State. *State v. Roberts,* 276 N.C. 98, 171 S.E. 2d 440 (1969). It is a felony to possess LSD in any quantity for any purpose, in the absence of proof that the possession was lawful under the provisions of the Narcotic Drug Act. *State v. Roberts, supra.*

The right of a police officer to arrest a person without a warrant is set forth in G.S. 15-41, which reads as follows:

*"When Officer May Arrest Without Warrant.—A* peace officer may without warrant arrest a person:

"(1) When the person to be arrested has committed a felony or misdemeanor in the presence of the officer, or when the officer has reasonable ground to believe that the person to be arrested has committed a felony or misdemeanor in his presence;

"(2) When the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody."

We hold that the police officers in the instant case had reasonable ground to believe that defendant was committing a felony in their presence, and that defendant would evade arrest if not taken into custody immediately.

Defendant strenuously contends that the search at the police station was unreasonable and violated his constitutional rights. We do not agree and refer to the well written opinion by Judge Vaughn in *State v. Jones,* 9 N.C. App. 661, 177 S.E. 2d 335 (1970); we think the opinion and authorities cited in that case fully support our conclusion in the instant case.

For the reasons stated, we find

No error.

Judges CAMPBELL and GRAHAM concur.