STATE OF NORTH CAROLINA v. BOBBY NESMITH

No. 7810SC1094

(Filed 17 April 1979)

**1. Searches and Seizures § 7— search incident to arrest**

A search incident to a lawful arrest made without a search warrant is valid as an exception to the warrant requirement of the Fourth Amendment.

**2. Searches and Seizures § 36— search incident to arrest—delay after arrest**

In this prosecution for breaking and entering and larceny, a pawn ticket for a stolen television set was properly admitted in evidence as having been seized as an incident of a lawful arrest where defendant was lawfully arrested for an unrelated incident and his wallet was taken from him upon his arrival at the police station; defendant was questioned about the break-in and told an officer that a key to the victim's apartment was in his wallet; the officer obtained the wallet from another room, searched the entire wallet, and found the pawn ticket; and the arrest, questioning and search occurred in less than a one-hour period, since the delay did not vitiate the search as incident to a lawful arrest, and the pawn ticket was admissible even though defendant was being prosecuted for offenses different from that for which he was arrested at the time of the seizure. Furthermore, the pawn ticket was also admissible as the result of an inspection of the wallet for the purpose of inventory of property found on defendant's person.

APPEAL by defendant from *Farmer, Judge.* Judgment entered 27 July 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 1 March 1979.

Defendant was arrested on 12 May 1978 between 9:00 p.m. and 10:00 p.m. for involvement in an incident unrelated to the subject of this appeal. Defendant had been charged in a warrant drawn on 11 April 1978 with the felonious breaking and entering of the residence of Michael Moses at 1030 Walnut Street in Raleigh on 11 April 1978. This warrant had not been served at the time of defendant's arrest on 12 May 1978. On 16 May 1978, a warrant was drawn and defendant was charged with the felonious breaking and entering and larceny of a black and white television from the residence of Michael Moses at 1030 Walnut Street in Raleigh on 10 April 1978. From convictions of felonious breaking and entering on 11 April 1978 and of felonious breaking and entering and larceny of a black and white television on 10 April 1978, defendant appeals.

State v. Nesmith

*Attorney General Edmisten, by Special Deputy Attorney General Charles J. Murray, for the State.*

*Fred M. Morelock for defendant appellant.*

MARTIN (Harry C.), Judge.

The sole question on appeal is whether the trial court committed reversible error in denying defendant's motion to suppress evidence because it was illegally seized. Upon defendant's arrival at the police station on 12 May 1978, arresting officer Longmire took defendant's wallet. Defendant was taken to another room and questioned by detective Turnage of the Raleigh Police Department about the break-ins in April. Defendant told detective Turnage that a key to the victim's apartment was in his wallet and that he would show the officer where it was. Detective Turnage then retrieved the wallet from officer Longmire in the other room. Defendant pointed out where the key was. At that point, detective Turnage searched the entire wallet and found a pawn ticket that contained the name of Donald Morgan. Pursuant to a trace on the ticket, the black and white television stolen from Michael Moses was found.

At trial, defendant's counsel moved to suppress the pawn ticket, the black and white television, and any and all evidence obtained as a result of the seizure of the pawn ticket. Defendant contends the evidence was illegally seized because there was no search warrant nor had defendant consented to the search. For purposes of voir dire, defendant stipulated that he made the statement to detective Turnage about the wallet voluntarily, and with knowledge and understanding of his right to make a statement. The trial judge denied defendant's motion, concluding the search of the wallet was incident to a lawful arrest.

[1] "A police officer may search the person of one whom he has lawfully arrested as an incident of such arrest." *State v. Roberts*, 276 N.C. 98, 102, 171 S.E. 2d 440, 443 (1970). A search incident to a *lawful* arrest made without a search warrant is valid as an exception to the warrant requirement of the Fourth Amendment. *United States v. Robinson*, 414 U.S. 218, 38 L.Ed. 2d 427 (1973). During a search incident to arrest, an officer may lawfully take from the person arrested property which he has about his person *and* property "which is connected with the crime charged or

which may be required as evidence thereof." *State v. Roberts, supra.*

> When a custodial arrest is made, there is always some danger that the person arrested may seek to use a weapon, or that evidence may be *concealed* or destroyed. To safeguard himself and others, and to prevent the loss of evidence, it has been held reasonable for the arresting officer to conduct a prompt, warrantless "search of the arrestee's person and the area 'within his immediate control' . . .."

*United States v. Chadwick*, 433 U.S. 1, 14, 53 L.Ed. 2d 538, 550 (1977) (emphasis added). The search incident to a lawful arrest exception has resulted in two different formulae. The first concerns searches of the *person* arrested and the second concerns searches of the *area* within the control of the arrestee. *United States v. Robinson, supra.* The facts of this case involve the search of the person arrested. The trial court found defendant was lawfully arrested and he has not challenged this finding on appeal nor do we find matters of record to the contrary. Because defendant was lawfully arrested, the search of his person and the resultant seizure of his wallet from his person was valid as incident to the arrest. The initial seizure of the wallet being valid, we next consider the question of the subsequent search of the contents of the wallet.

In *United States v. Robinson, supra*, defendant was arrested for driving while his license was revoked. The arresting officer searched the person of the defendant and found a crumpled cigarette package. Upon an inspection of the cigarette package, the officer found that it contained heroin. In holding the search and seizure of the heroin valid, the Court concluded that "[h]aving in the course of a lawful search come upon the crumbled package of cigarettes, he was entitled to inspect it; and when his inspection revealed the heroin capsules, he was entitled to seize them as 'fruits, instrumentalities, or contraband' probative of criminal conduct." *United States v. Robinson, supra* at 236, 38 L.Ed. 2d at 441.

In *United States v. Edwards*, 415 U.S. 800, 39 L.Ed. 2d 771 (1974), the Court upheld the inspection of defendant's clothing the morning after his arrest as a lawful search incident to arrest. The Court stated:

[O]nce the accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed between the arrest and subsequent administrative processing, on the one hand, and the taking of the property for use as evidence, on the other. This is true where the clothing or effects are immediately seized upon arrival at the jail, held under the defendant's name in the "property room" of the jail, and at a later time searched and taken for use at the subsequent criminal trial.

*Id.* at 807, 39 L.Ed. 2d at 778.

[2] The search and inspection of the contents of the wallet at the police station was valid as incident to the lawful arrest. Where there is a lawful custodial arrest, a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but it is also a reasonable search under that Amendment. *United States v. Robinson, supra.* At the time the wallet was taken from the person of the defendant, the arresting officer was entitled under *Robinson* to inspect the contents of the wallet for weapons and to seize evidence in order to prevent its concealment or destruction. The delay in the search of the contents of the wallet was not remote in time from the arrest, considering that the arrest, questioning and search of the wallet occurred in less than a one-hour period, and the processing of defendant, filing reports, booking and placing defendant in jail, had not been completed. This delay did not vitiate the search as incident to arrest. *United States v. Edwards, supra.* The subsequent search of the wallet was valid.

The pawn ticket was properly admitted even though the present prosecutions are different from that for which the defendant was arrested at the time of seizure. *State v. Eppley,* 282 N.C. 249, 192 S.E. 2d 441 (1972). According to customary police routine and practice, police officers must search persons taken into custody and seize items that they may have on their persons. These items are to then be inspected for the purposes of inventory to protect the law enforcement personnel against claims by prisoners. Upon inventory, a receipt of items taken is to be given

to the defendant. The evidence is also admissible as the result of an inspection of the wallet for the purposes of inventory of property found on defendant's person. *State v. Jones*, 9 N.C. App. 661, 177 S.E. 2d 335 (1970).

The search of the wallet was lawful and any evidence obtained thereby was properly admitted.

No error.

Judges VAUGHN and ERWIN concur.