TYSON, Judge.
 

 Kenneth Robert Fuller ("Defendant") appeals from a judgment imposing a suspended
 
 *159
 
 sentence of 6 to 17 months imprisonment, with 18 months supervised probation, after a jury found him guilty of possession of cocaine. On appeal, Defendant challenges the denial of his motion to suppress evidence of cocaine, which was seized after a search of his person was conducted, following his arrest for driving with a revoked license. We affirm the trial court's denial and find no error.
 

 I.
 
 Background
 

 On 19 December 2014, Charlotte-Mecklenburg Police Officer Wayne Goode ("Officer Goode") was on duty in the area of Dalton Street and Tryon Street in Charlotte. Officer Goode and other officers conducted surveillance of Defendant as he sat in the driver's seat of a gold-colored Mercedes-Benz sedan, parked at a gas station located on North Tryon Street. Officer Goode was familiar with Defendant from previous investigations, and suspected Defendant was selling narcotics from that gas station parking lot. Officer Goode also knew Defendant's driver's license was suspended.
 

 During the surveillance operation, Officer Goode observed Defendant driving away from the gas station. Officer Goode followed Defendant in order to conduct a traffic stop. While following Defendant, Officer Goode observed Defendant's Mercedes turn right off of Tryon Street onto Ashby Street and then make a quick turn into a parking lot. After the Mercedes parked in the parking lot, Officer Goode observed Defendant exit the driver's door and walk to the trunk of the Mercedes.
 

 Officer Goode parked behind Defendant's vehicle, approached Defendant and requested his identification. After Defendant obtained his identification from inside the Mercedes, Officer Goode arrested Defendant for driving with a revoked license. Officer Goode handcuffed Defendant and placed him inside his police cruiser.
 

 At the suppression hearing, Officer Goode testified, and the trial court found, after Officer Goode had placed Defendant into the police cruiser, he asked Defendant for consent to search the Mercedes, and that Defendant had consented. Defendant denied he consented to the search of his Mercedes.
 

 Officer Goode and other officers conducted an initial search of the Mercedes and did not locate any contraband or narcotics. A few minutes after this initial search, a K-9 dog unit arrived to conduct a sniff search of the vehicle.
 

 While sniffing the Mercedes, the dog "hit" on the front right fender and driver's seat cushion. Officers then conducted a more thorough search of the vehicle, but did not discover any contraband or narcotics. Officer Goode concluded that because the K-9 had "hit" on the driver's seat and no narcotics were found in the Mercedes, the narcotics were hidden on Defendant's person. Officer Goode informed his sergeant that he wanted to conduct a search of Defendant's person.
 

 Defendant was transported to the Charlotte-Mecklenburg Police Department's Metro Division Office and placed into a private interview room. Officer Goode conducted the search and another officer assisted by holding one of Defendant's handcuffed arms. Officer Goode did not seek Defendant's consent or a warrant to conduct the search.
 

 Officer Goode searched Defendant by first removing and inspecting Defendant's belt and the contents of his front pants pockets. Officer Goode observed a hidden area next to the fly of Defendant's pants. Officer Goode then inspected Defendant's back pockets and the contents thereof. Officer Goode continued his search by lowering Defendant's pants and long johns to his knee area. Officer Goode pulled out, but did not pull down, Defendant's underwear and observed Defendant's genitals and buttocks.
 

 Officer Goode pulled up Defendant's long johns and then inspected the hidden area on the fly of his pants. Officer Goode retrieved a bag from the hidden area near the fly of Defendant's pants. This bag was later determined to contain .83 grams of cocaine and weigh 1.7 grams. Defendant was indicted for possession with intent to sell or distribute a controlled substance and for having obtained habitual felon status.
 

 At a pretrial hearing, Defendant made an oral motion to suppress the evidence of the cocaine obtained from the strip search conducted
 
 *160
 
 by Officer Goode. The trial court denied Defendant's motion to suppress in an order filed 30 October 2015.
 

 The case came to trial on 7 November 2016. Defendant moved to dismiss the possession with intent to sell or deliver cocaine charge for insufficiency of the evidence, which motion the court granted. The lesser-included charge of possession of cocaine was submitted to the jury. On 14 November 2016, the jury returned verdicts of guilty of possession of cocaine and of Defendant having obtained habitual felon status. Upon the motion of Defendant, the trial court set aside the jury's verdict on obtaining habitual felon status.
 

 On 17 November 2016, the trial court entered judgment and sentenced Defendant to a suspended sentence of 6 to 17 months imprisonment, with 18 months supervised probation. Defendant appeals.
 

 II.
 
 Jurisdiction
 

 Jurisdiction lies in this Court as an appeal of a final judgment of the superior court pursuant to N.C. Gen. Stat. §§ 7A-27(b)(2) (2015) and 15A-1444(a) (2015).
 

 III.
 
 Issue
 

 Defendant argues the trial court committed plain error by denying his motion to suppress the evidence obtained from a non-consensual and warrantless search of his person in violation of his constitutional rights.
 

 IV.
 
 Standard of Review
 

 A pre-trial motion to suppress evidence is insufficient to preserve for appeal the question of the admissibility of the challenged evidence, if Defendant fails to object to the admission of that evidence at the time it is offered at trial.
 
 State v. Grooms
 
 ,
 
 353 N.C. 50
 
 , 65-66,
 
 540 S.E.2d 713
 
 , 723 (2000),
 
 cert. denied
 
 ,
 
 534 U.S. 838
 
 ,
 
 122 S.Ct. 93
 
 ,
 
 151 L.Ed. 2d 54
 
 (2001).
 

 Defendant concedes his counsel failed to object at trial to the admission of the illegal drug evidence obtained pursuant to the search. Defendant concedes this issue was not preserved for appellate review. He asserts the trial court's denial of his motion to suppress constituted plain error. N.C. R. App. P. 10(a)(4).
 

 Under a plain error standard of review, "a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty."
 
 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 518,
 
 723 S.E.2d 326
 
 , 334 (2012) (citations and internal quotation marks omitted). "Thus ... the defendant must first demonstrate that the trial court committed error, and next that absent the error, the jury probably would have reached a different result."
 
 State v. Larkin
 
 ,
 
 237 N.C. App. 335
 
 , 339,
 
 764 S.E.2d 681
 
 , 685 (2014) (citation and internal quotation marks omitted).
 

 In reviewing a trial court's ruling on a motion to suppress for error,
 

 [i]t is well established that ... the trial court's findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting. In addition, findings of fact to which defendant failed to assign error are binding on appeal. Once this Court concludes that the trial court's findings of fact are supported by the evidence, then this Court's next task is to determine whether the trial court's conclusions of law are supported by the findings. The trial court's conclusions of law are reviewed
 
 de novo
 
 and must be legally correct.
 

 State v. Campbell
 
 ,
 
 188 N.C. App. 701
 
 , 704,
 
 656 S.E.2d 721
 
 , 724 (2008) (citations, quotation marks, and brackets omitted).
 

 V.
 
 Analysis
 

 Defendant argues the trial court committed plain error by denying his motion to suppress the evidence of the cocaine obtained from the search of his person, following the K-9 dog sniff of the vehicle he was driving, and plainly erred by admitting that evidence at trial. Defendant asserts the trial court failed to make required findings of the voluntariness of his consent to the search of his vehicle and argues the search of his person was unreasonable under the totality of the circumstances.
 

 *161
 

 A. Warrantless Searches
 

 It is a "basic constitutional rule" that "searches conducted outside the judicial process, without prior approval by [a] judge or magistrate, are per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well delineated exceptions."
 
 Coolidge v. New Hampshire
 
 ,
 
 403 U.S. 443
 
 , 454-55,
 
 91 S.Ct. 2022
 
 , 2032,
 
 29 L.Ed.2d 564
 
 , 576 (1971) (footnote omitted).
 

 "Among the exceptions to the warrant requirement is a search incident to a lawful arrest," which "derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations."
 
 Arizona v. Gant
 
 ,
 
 556 U.S. 332
 
 , 338,
 
 129 S.Ct. 1710
 
 , 1716,
 
 173 L.Ed.2d 485
 
 , 493 (2009) (citations omitted).
 

 "Under this exception, ... an officer may conduct a warrantless search of the arrestee's person and the area within the arrestee's immediate control."
 
 State v. Carter
 
 ,
 
 200 N.C. App. 47
 
 , 50-51,
 
 682 S.E.2d 416
 
 , 419 (2009) (citation and quotation marks omitted). A search may be justified as incident to lawful arrest if "[the] warrantless arrest is ... based upon probable cause,"
 
 State v. Mills
 
 ,
 
 104 N.C. App. 724
 
 , 728,
 
 411 S.E.2d 193
 
 , 195 (1991),
 
 disc. review denied,
 

 367 N.C. 283
 
 ,
 
 752 S.E.2d 476
 
 (2013), and the search is "substantially contemporaneous with the arrest."
 
 State v. McHone
 
 ,
 
 158 N.C. App. 117
 
 , 119,
 
 580 S.E.2d 80
 
 , 82 (2003) (citation and quotation marks omitted).
 

 "Probable cause has been defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty."
 
 State v. Yates
 
 ,
 
 162 N.C. App. 118
 
 , 122,
 
 589 S.E.2d 902
 
 , 904 (2004) (citation and internal quotation marks omitted). "This Court has determined that probable cause to search exists when a reasonable person acting in good faith could reasonably believe that a search of the defendant would reveal the controlled substances sought which would aid in his conviction."
 
 State v. Pittman
 
 ,
 
 111 N.C. App. 808
 
 , 813,
 
 433 S.E.2d 822
 
 , 825 (1993) (citation and internal quotation marks omitted).
 

 Defendant argues the police were required to have probable cause and exigent circumstances to search his person under both the facts before us and under
 
 State v. Battle
 
 ,
 
 202 N.C. App. 376
 
 ,
 
 688 S.E.2d 805
 
 (2010). In
 
 Battle,
 
 a case involving a roadside "strip search" of an arrestee, we noted that "[a] valid search incident to arrest ... will not normally permit a law enforcement officer to conduct a
 
 roadside
 
 strip search."
 
 Battle,
 

 202 N.C. App. at 387-88
 
 ,
 
 688 S.E.2d at 815
 
 (emphasis supplied). Rather, "[i]n order for a
 
 roadside strip search
 
 to pass constitutional muster, there must be both probable cause and exigent circumstances that show some significant government or public interest would be endangered
 
 were the police to wait until they could conduct the search in a more discreet location-usually at a private location within a police facility
 
 ."
 
 Id.
 
 at 388,
 
 688 S.E.2d at 815
 
 (emphasis supplied).
 

 Here, the search was conducted as incident to Defendant's lawful arrest, and was conducted inside a private interview room at a police facility, and not on a roadside. It is unnecessary to address whether the search of Defendant's person was made with probable cause and under exigent circumstances.
 
 See
 

 id
 
 .
 

 "The search incident to a lawful arrest exception has resulted in two different formulae. The first concerns searches of the person arrested and the second concerns searches of the area within the control of the arrestee."
 
 State v. Nesmith
 
 ,
 
 40 N.C. App. 748
 
 , 750,
 
 253 S.E.2d 594
 
 , 595 (1979) (emphasis omitted).
 

 In
 
 United States v. Robinson
 
 ,
 
 414 U.S. 218
 
 , 235,
 
 94 S.Ct. 467
 
 , 476-77,
 
 38 L.Ed.2d 427
 
 , 441 (1973), the Supreme Court of the United States held that "in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment."
 

 North Carolina's appellate courts have long recognized
 
 Robinson's
 
 categorical rule allowing a full search of the person incident to a lawful arrest.
 
 State v. Brooks
 
 ,
 
 337 N.C. 132
 
 , 144-45,
 
 446 S.E.2d 579
 
 , 587 (1994) (recognizing under
 
 Robinson
 
 , that "officers
 
 *162
 
 automatically have the right to make a search incident to arrest; they do not need to consider the particular defendant's dangerousness or the likelihood that the defendant may destroy evidence before they conduct their search");
 
 Nesmith
 
 ,
 
 40 N.C. App. at 751
 
 ,
 
 253 S.E.2d at 596
 
 (recognizing
 
 Robinson's
 
 holding in 1979).
 

 B. Voluntariness of Defendant's Consent to Search Car
 

 Defendant argues his consent to the search of the car he was driving was not voluntary. However, Defendant failed to raise or make this argument before the trial court.
 

 At the hearing on Defendant's oral motion to suppress, Defendant did not raise the issue of the voluntariness of his consent. Instead, Defendant made the separate argument that he
 
 never gave consent
 
 for the officers to search the car at all. The theory Defendant purports to raise on appeal is different than the one he raised in the trial court.
 

 "[W]here a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount" on appeal.
 
 State v. Sharpe
 
 ,
 
 344 N.C. 190
 
 , 194,
 
 473 S.E.2d 3
 
 , 5 (1996) (citation and quotation marks omitted). Because Defendant never raised this belated voluntariness argument before the trial court, he failed to preserve it for appellate review.
 

 Id.
 

 ;
 
 see
 

 State v. Holliman
 
 ,
 
 155 N.C. App. 120
 
 , 124,
 
 573 S.E.2d 682
 
 , 686 (2002) (dismissing defendant's challenge to denial of motion to suppress because he presented "a different theory on appeal than argued at trial"). We decline to address the merits of Defendant's new and different argument on this issue and dismiss his assertions.
 

 C. Reasonableness of the Search of Defendant's Person
 

 Defendant argues the search of his person, even if incidental to a lawful arrest, was unreasonable under the totality of the circumstances. We disagree.
 

 Although the search of a person may be authorized as incident to arrest, our appellate courts have recognized that " '[t]he Fourth Amendment precludes ... those intrusions into privacy of the body which are unreasonable under the circumstances.' "
 
 State v. Norman
 
 ,
 
 100 N.C. App. 660
 
 , 663,
 
 397 S.E.2d 647
 
 , 649 (1990) (quoting
 
 State v. Cobb
 
 ,
 
 295 N.C. 1
 
 , 20,
 
 243 S.E.2d 759
 
 , 770 (1978) ). Our Supreme Court reasoned, "[d]eeply imbedded in our culture ... is the belief that people have a reasonable expectation not to be unclothed involuntarily, to be observed unclothed or to have their private parts observed or touched by others."
 
 State v. Stone
 
 ,
 
 362 N.C. 50
 
 , 55,
 
 653 S.E.2d 414
 
 , 418 (2007) (citation and internal quotation marks omitted).
 

 In determining the reasonableness of a search of the person or a full "strip search," this Court has explained:
 

 the trial court must balance the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.
 

 State v. Fowler,
 

 220 N.C. App. 263
 
 , 266-67,
 
 725 S.E.2d 624
 
 , 627-28 (2012) (internal citations and quotation marks omitted).
 

 With regard to the scope of the search of Defendant's person, the evidence presented by the State during the hearing on Defendant's motion to suppress, and the findings of the trial court, tend to show the K-9 dog alerted to the driver's seat of Defendant's car. The police limited the search to the area of Defendant's body and clothing that would come into contact with the cushion of the driver's seat, the area between Defendant's knees and waist.
 

 With regard to the manner of the search, the trial court found and the video and testimonial evidence shows Defendant was searched inside a private interview room at the Metro Division Office. Defendant and the two officers were the only individuals present inside the interview room. The video recording of the search shows the officers did not remove Defendant's clothing above the waist, did not fully remove his undergarments, nor did they touch Defendant's genitals or any body cavity.
 

 *163
 
 Defendant argues the video recording of the search shows the officers "smiling" and "smirking at one another throughout the process." Defendant's allegation that the officers were purportedly "smiling" and "smirking", and somehow this activity tainted the manner in which the search was conducted, was not raised before the trial court. Even if the officers appear to "smirk" or make facial changes at each other at points during the search, the recording does not show this "smirking" was visible to Defendant. Also, Defendant does not attempt to explain how this purported conduct by the officers, even if true, rendered the manner of the search unreasonable or the results obtained therefrom inadmissible.
 

 With regard to the justification for initiating the search, the trial court made several findings of fact bearing upon this factor. The court found: Officer Goode was familiar with Defendant through previous interactions, including the execution of a search warrant for narcotics on the Defendant's premises; a K-9 drug dog alerted to the driver's seat area of Defendant's car; and, that Officer Goode had previously observed suspects hiding controlled substances in their pants, underwear, genitals, and buttocks.
 

 Officer Goode testified that he knew from his training and experience that a K-9 dog will alert to odors transferred from a person to another object via contact. Officer Goode also testified that Defendant was the last person to occupy the driver's seat of Defendant's car. The initiation of the search of Defendant's person as incident to a lawful arrest was also justified due to the K-9 alerting to the driver's seat of the car. Defendant was the last person to occupy the driver's seat, and the officers and K-9 dog did not discover any narcotics present inside the car.
 

 With regard to the place of the search, the search took place inside a private interview room at the Metro Division Office. As noted, only Defendant and two officers were present during the search and the search was limited to areas where Defendant's body had been in contact with the driver's seat of his vehicle. Defendant's search did not take place in a public area or on the side of a road.
 
 See
 

 Battle
 
 ,
 
 202 N.C. App at 388
 
 ,
 
 688 S.E.2d at 815
 
 (expressing the preference for strip searches to be conducted at "a private location within a police facility.")
 

 The evidence presented and the trial court's findings of fact show the place, manner, justification and scope of the search of Defendant's person were reasonable.
 

 Defendant cites
 
 State v. Smith,
 

 222 N.C. App. 253
 
 ,
 
 729 S.E.2d 120
 
 ,
 
 disc. review denied,
 

 366 N.C. 410
 
 ,
 
 735 S.E.2d 190
 
 (2012), to support his contention that neither the K-9 drug dog's alert to the driver's seat of his car, nor Defendant's criminal history, were sufficient to justify subjecting Defendant to a warrantless search of his person.
 

 In
 
 Smith,
 
 the defendant was the passenger in a vehicle that was driven by a driver, who was cited for a noise violation.
 
 222 N.C. App. at 253-54
 
 ,
 
 729 S.E.2d at 122
 
 . While police officers were preparing to issue the citation to the driver, an officer checked the defendant's criminal history and found "an extensive local record which included numerous drug offenses[.]"
 
 Id
 
 . at 254,
 
 729 S.E.2d at 122
 
 . Police brought a drug dog to the scene and the defendant and driver were placed in the rear of a patrol car.
 

 Id.
 

 The drug dog sniffed the exterior of the driver's car and "alerted to a controlled substance at the driver's door."
 

 Id.
 

 When the police conducted a search of the vehicle, no contraband was discovered inside the vehicle, other than an open container of alcohol in the back seat.
 

 Id.
 

 Police subsequently searched the defendant's person and discovered cocaine.
 

 Id.
 

 This Court held that, under the circumstances, "[t]he fact that defendant was formerly a passenger in a motor vehicle as to which a drug dog alerted, and a subsequent search of the vehicle found no contraband, is not sufficient, without probable cause more particularized to defendant, to conduct a warrantless search of defendant's person."
 

 Id.
 

 at 261
 
 ,
 
 729 S.E.2d at 126
 
 .
 

 Several factors distinguish
 
 State v. Smith
 
 from the instant case. Here, the trial court found that "[D]efendant testified that he owned the Mercedes and that it was registered to him." The trial court found Officer Goode's testimony to be credible, and Defendant does not dispute, that Officer Goode had observed Defendant exit the driver's side of the Mercedes. The dash cam footage from the cruiser and testimony of the officers do
 
 *164
 
 not indicate anyone else drove Defendant's Mercedes immediately prior to being pulled over. The K-9 dog alerted to the driver's seat cushion of the vehicle, where Defendant's body was previously known to have been in immediate contact with, rather than any other area of the vehicle.
 

 Unlike the defendant in
 
 Smith
 
 , Defendant was found to have been sitting in the exact spot where the K-9 dog alerted, inside the vehicle that Defendant testified to owning and driving.
 
 See
 

 Smith
 
 ,
 
 222 N.C. App. at 253-54
 
 ,
 
 729 S.E.2d at 122
 
 . The only individuals officers observed in or near the vehicle were Defendant and a female passenger. The police did not locate any evidence of the female passenger possessing narcotics while inside the Mercedes. These facts present a set of circumstances, solely to Defendant, from which "a reasonable person acting in good faith could reasonably believe that a search of the defendant would reveal the controlled substances sought which would aid in his conviction."
 
 Pittman
 
 ,
 
 111 N.C. App. at 813
 
 ,
 
 433 S.E.2d at 825
 
 (citation and internal quotation marks omitted).
 

 The trial court properly denied Defendant's motion to suppress the cocaine recovered from the search of his person and clothing. Defendant's arguments are overruled.
 

 VI.
 
 Conclusion
 

 Following his lawful arrest for driving with a revoked license, the trial court properly denied Defendant's motion to suppress the evidence of the cocaine obtained from the warrantless and non-consensual search of Defendant's person. The trial court did not commit plain error in admitting the evidence of the recovered cocaine to the jury.
 

 Defendant has failed to show any error in the jury's conviction for possession of cocaine, or in the judgment entered thereon. Defendant received a fair trial, free from errors he preserved and argued. Defendant has also failed to demonstrate any plain error.
 
 It is so ordered.
 

 NO ERROR.
 

 Judges CALABRIA and DAVIS concur.