STATE OF NORTH CAROLINA v. DAMIEN RAY STANLEY

No. COA05-147

(Filed 20 December 2005)

**Search and Seizure— motion to suppress—probable cause— informant's description**

The trial court did not err in a possession of cocaine with intent to sell or deliver case by denying defendant's motion to suppress evidence of cocaine found pursuant to a search of his person, because: (1) the information upon which the officers acted came from an informant with over fourteen years of personal dealings with one of the officers whose past information consistently had been corroborated by officers and had led to over 100 arrests and numerous convictions; (2) defendant did not challenge the trial court's finding of fact that defendant was the only individual at the location wearing clothing that matched the description provided by the informant, nor did defendant assign error to the trial court's conclusion that despite the lack of detail the informant's description was sufficient to allow the officers to identify defendant, confirm his presence at the location, and exclude others who were in the immediate vicinity as the subject

described by the informant; and (3) although defendant contends his testimony showed that the clothing he was wearing differed from that described by the informant, it is the duty of the trial court to weigh and resolve any conflicts in the evidence.

Appeal by defendant from judgment entered 8 December 2004 by Judge Albert Diaz in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 October 2005.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Martin T. McCracken, for the State.*

*Gary C. Rhodes, for defendant-appellant.*

JACKSON, Judge.

On 17 December 2003, defendant was arrested, charged, and indicted for possession of cocaine with intent to sell or deliver. Defendant filed a Motion to Suppress evidence discovered during a search of his person on the date of his arrest on 2 September 2004. The Honorable Albert Diaz heard the motion in Mecklenburg County Superior Court on 8 December 2004. Defendant's Motion to Suppress was denied and defendant entered a plea of guilty to the charge. Defendant preserved his right to appeal the denial of his Motion to Suppress.

Pursuant to his guilty plea, defendant was sentenced to a term of eight to ten months confinement on 8 December 2004. Defendant's sentence was suspended and defendant was placed on thirty-six months of supervised probation and also received an intermediate punishment of sixty days confinement. Defendant was credited with sixty days spent in custody awaiting trial. Defendant timely filed notice of appeal from this judgment, contending that his motion to suppress should have been granted.

At the hearing on defendant's motion to suppress, the State's evidence tended to show that on 17 December 2003, Sergeant W. A. Boger ("Sgt. Boger") of the Charlotte-Mecklenburg Police Department ("CMPD") received a call from a confidential informant ("informant") regarding an individual selling drugs outside a local convenience store. Sgt. Boger testified that he had worked with the informant for fourteen years and that the informant's information had proven to be reliable, leading to at least 100 arrests and convictions. The information provided to Sgt. Boger was that a black male wearing a blue ski hat, dark jacket, and blue jeans, standing beside the

STATE v. STANLEY

[175 N.C. App. 171 (2005)]

Citgo gas station on Sugar Creek Road, had crack cocaine in his possession and was selling it.

Approximately thirty to forty-five minutes after first receiving the phone call from the informant, Sgt. Boger and another CMPD officer, Officer Martin, met the informant a short distance from the gas station where the defendant was located. The informant told Sgt. Boger and Officer Martin that the individual, whom he did not know, was still at the location. Sgt. Boger and Officer Martin, accompanied by a patrol officer, went to the Citgo and observed an individual, later identified as defendant, matching the description provided by the informant. Sgt. Boger testified that, although there were two or three other individuals in the parking lot, defendant was the only person who matched the description provided by the informant.

When the officers approached the Citgo one of the other individuals in the parking lot ran away and was pursued by the patrol officer. Defendant and another individual remained where they were when approached by Sgt. Boger and Officer Martin. Sgt. Boger told defendant that he had received information that he was selling drugs from the location. Defendant denied selling drugs and claimed that he worked at the gas station. Sgt. Boger testified that he then asked defendant for consent to conduct a pat down search of defendant's person, and defendant consented. Sgt. Boger had defendant place his hands on top of his head and began to pat him down. When Sgt. Boger began to search the area of defendant's pants pockets defendant dropped his hands from atop his head. Sgt. Boger told him to place his hands back on top of his head. Defendant initially complied with Sgt. Boger's instructions, but again dropped his hands when the search approached his pants pockets. At that time Sgt. Boger attempted to handcuff defendant in order to maintain control of the situation, but defendant attempted to pull away from Sgt. Boger. Eventually, Sgt. Boger got defendant on the ground and handcuffed him. After handcuffing defendant, Sgt. Boger continued his search of defendant's person and located a plastic baggie in his pants pocket which contained a white, rock-like substance that appeared to be crack cocaine. The substance later tested positive for cocaine.

Sgt. Boger and Officer Martin both testified that defendant was wearing a toboggan, or knit winter hat. The officers' descriptions of the hat varied slightly in that Officer Martin described it as having a short bill on the front similar to that on a baseball cap, while Sgt. Boger did not mention a bill on the hat. Both officers testified that defendant wore a dark coat and blue jeans.

Defendant testified at the hearing on his Motion to Dismiss that he was working at the gas station when he was approached, in an aggressive manner, by Sgt. Boger who demanded to know where the drugs were. Defendant testified that he told Sgt. Boger repeatedly that he worked at the Citgo, but Sgt. Boger continued to ask about drugs. Defendant claimed that, after already searching him twice, Sgt. Boger took him to the ground and handcuffed him and then picked up the cocaine from the ground. Defendant denied consenting to a search of his person. Defendant further testified that when the officers approached there were approximately twelve to fourteen people in and around the store, some of whom ran off or walked quickly around the building. Finally, defendant testified that at the time of his arrest he had a black jacket,—which he had taken off and laid down on a pallet outside the gas station—a white tee shirt, blue jogging pants, and a black "do-rag" with a white symbol on the side. Defendant denied that he had been wearing a toboggan.

After hearing all testimony, the trial judge denied defendant's motion to suppress the evidence of the cocaine found pursuant to the search of his person. In a footnote in its order denying the motion, the trial court stated that Sgt. Boger and Officer Martin's testimony regarding defendant's attire at the time of his arrest was more credible than defendants. The trial court found that the testimony regarding whether, initially, defendant voluntarily consented to a search of his person was unclear, but that defendant ultimately refused to consent to the search. The trial court concluded that the informant's description of the individual selling drugs was sufficient to constitute probable cause for the officers to arrest defendant and conduct a search incident to arrest. Defendant appeals from the denial of his motion to suppress.

Defendant's only assignment of error on appeal is that the trial court erred in denying the motion as the evidence was obtained as the result of an illegal search in violation of his Fourth Amendment rights.

"[T]he scope of appellate review of an order [on a motion to suppress evidence] is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). Defendant does not challenge any of the trial court's find-

ings of fact in the order denying his motion to suppress. Defendant assigns error solely to the trial court's denial of his motion. Accordingly, the only issues for review are whether the trial court's findings of fact support its conclusions of law and whether those conclusions of law are legally correct. *State v. Coplen,* 138 N.C. App. 48, 52, 530 S.E.2d 313, 317, *cert. denied,* 352 N.C. 677, 545 S.E.2d 438 (2000).

The trial court's findings of fact are as follows:

1.  At approximately 3 p.m. on December 17, 2003, Charlotte-Mecklenburg Police Sergeant W. A. Boger ("Boger") received a call from a confidential informant.

2.  The informant told Boger that a black male wearing blue jeans, a dark blue jacket, and a blue toboggan (or ski cap) was selling crack cocaine near a Citgo gas station located at 830 E. Sugar Creek Rd. in Charlotte, North Carolina.

3.  Boger has been a Charlotte-Mecklenburg police officer for over 17 years. He currently supervises a street crimes unit and has extensive experience in surveillance and undercover drug operations.

4.  Boger has worked with the informant in question for over 14 years.

5.  Through the years, Boger and other police officers have consistently corroborated information provided by the confidential informant.

6.  Information provided by this informant has led to over 100 arrests and numerous convictions.

7.  After receiving the tip from the informant, Boger, along with Officers S. M. Martin ("Martin") and S.H. Begley ("Begley") drove to the gas station. They arrived at approximately 3:45 p.m. Before confronting the suspect, Boger and Martin met briefly with the confidential informant approximately ½ mile from the gas station.

8.  The confidential informant verified that the suspect was still selling crack at the gas station, and he repeated the description of the suspect's clothing.

9.  As Boger and Martin approached the gas station, the Defendant (who is black) and at least two other people were

STATE v. STANLEY

[175 N.C. App. 171 (2005)]

in the area. One individual fled when he saw the police, prompting Begley to give chase.

10. Only the Defendant, however, was wearing the clothing described by the confidential informant.[1]

11. Boger approached the Defendant and told him that he suspected Defendant was selling drugs. Defendant denied it and insisted that he was an employee of the gas station.

12. Boger then asked for consent to search. Although the testimony is unclear on this point, Defendant eventually refused to give consent.

13. When Defendant attempted to pull away from Boger, he was taken to the ground, handcuffed, and searched.

14. Thereafter, Boger found and seized 6 grams of crack cocaine in Defendant's left pant pocket, 29 grams of marijuana in Defendant's left jacket pocket, $111.00 and a cell phone.

From these findings of fact, the trial court concluded, as a matter of law, that:

9. Given the informant's long history of reliability, once the officers matched the informant's description to the Defendant and confirmed his presence at the named location, they "had reasonable grounds to believe a felony was being committed in [their] presence, which in turn created probable cause to arrest and search [the] [D]efendant." *Wooten*, 34 N.C. App. at 88, 237 S.E.2d at 304.

The sole question before this Court is whether this conclusion of law is supported by the undisputed findings of fact. *Coplen*, 138 N.C. App. at 52, 530 S.E.2d at 317. As the trial court noted in its Conclusions of Law, police officers may arrest, without a warrant, any person whom they have probable cause to believe is committing a felony in their presence or has committed a felony outside of their presence. N.C. Gen. Stat. § 15A-401(b)(1) and (b)(2)(a) (2003); *see also State v. Hunter*, 299 N.C. 29, 34, 261 S.E.2d 189, 193 (1980). Sale and/or possession of cocaine are felonies in North Carolina. N.C. Gen. Stat. § 90-95(a)(1) and (b)(1) (2003).

---

1. In a footnote to this finding of fact, the trial court noted that defendant denied wearing the clothing described by the informant, but nonetheless found the testimony of Sgt. Boger and Officer Martin was more credible.

"Probable cause exists when there is 'a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty.' " *State v. Joyner,* 301 N.C. 18, 21, 269 S.E.2d 125, 128 (1980) (quoting *State v. Streeter,* 283 N.C. 203, 195 S.E.2d 502 (1973) (citation omitted)). Probable cause to make a warrantless arrest may be established by information from a known informant with a history of reliability. *State v. Chadwick,* 149 N.C. App. 200, 203, 560 S.E.2d 207, 209, *disc. review denied,* 355 N.C. 752, 565 S.E.2d 672 (2002). In the case *sub judice,* the information upon which the officers acted came from an informant with over fourteen years of personal dealings with Sgt. Boger whose past information consistently had been corroborated by officers and had led to over 100 arrests and numerous convictions. This past history would seem to satisfy virtually any conceivable test of reliability. Accordingly, we hold that the officers had sufficient probable cause to believe defendant was committing, or had committed, a felony.

Defendant argues in his brief that the informant's description was not sufficient to identify defendant specifically as the person alleged to be in possession of the drugs. Defendant did not, however, challenge the trial court's finding of fact that defendant was the only individual at the location wearing clothing that matched the description provided by the informant. Nor did defendant assign error to the trial court's conclusion that, despite of the lack of detail, the informant's description was sufficient to allow the officers to identify defendant, confirm his presence at the location, and exclude others who were in the immediate vicinity as the subject described by the informant. Defendant's sole basis for this argument is his testimony that the clothing he was wearing differed from that described by the informant.

The trial court found, and noted in its findings of fact, that the officers' testimony on this issue was more credible than defendant's. It is the duty of the trial court to weigh, and resolve any conflicts in, the evidence. *Cooke,* 306 N.C. at 134, 291 S.E.2d at 620. We accord great deference to the trial court's determinations in this regard as the trial court hears the testimony, and thereby observes the witnesses, placing it in a much better position to evaluate the credibility of those witnesses. *State v. Johnston,* 115 N.C. App. 711, 713, 446 S.E.2d 135, 137 (1994) (citing *Cooke,* 306 N.C. at 134, 291 S.E.2d at 619 and *State v. Smith,* 278 N.C. 36, 41, 178 S.E.2d 597, 601, *cert. denied,* 403 U.S. 934, 29 L. Ed. 2d 715 (1971)). Consequently, the trial

court's conclusion that the informant's description was sufficient to identify defendant and exclude others in the vicinity, is supported by the findings of fact and we conclude that defendant's argument has no merit.

As we have determined that the officers had sufficient probable cause to arrest defendant and the informant's description was sufficient to identify defendant, we hold that defendant's arrest and subsequent search were constitutional and defendant's Motion to Suppress the cocaine was properly denied.

Affirmed.

Judges TYSON and JOHN concur.