TYSON, Judge.
Larry Kennard Ford ("Defendant") appeals from judgment entered after a jury convicted him of one count of possession with intent to sell and deliver marijuana and one count of possession of drug paraphernalia. We find no error in Defendant's conviction or the judgment entered thereon.
I. Factual Background
In November 2013, Winston-Salem Police Officer J.G. Gordon ("Officer Gordon") received information from a reliable, confidential informant that Defendant was selling marijuana from his home. Officer Gordon used the informant to positively identify Defendant and to make two separate controlled purchases of marijuana from Defendant's home. The informant advised Officer Gordon "that he believed there would possibly be an assault rifle in [Defendant's] home." Officer Gordon also knew Defendant was previously arrested for attempted armed robbery and convicted of second-degree murder in 1994.
Officer Gordon obtained a search warrant for Defendant's home on 26 November 2013. He did not seek a "no-knock" warrant. Later that day, Officer Gordon and members of the Special Weapons and Tactics team ("SWAT" team) held a pre-operational briefing prior to executing the search warrant.
During the briefing, Sergeant Edward Branshaw ("Sergeant Branshaw") decided to conduct a "no-knock" entry into Defendant's home. Sergeant Branshaw conferred with other SWAT team members to ensure they were comfortable with his decision. Sergeant Branshaw testified at trial his decision to conduct a "no-knock" entry was based on Defendant's prior murder conviction and the possibility of an assault rifle being present on the premises.
In order to maintain the element of surprise, the SWAT team used a mechanical breaching device to force Defendant's front door open and gain entry into his home. The SWAT team simultaneously set off a "flashbang," a "distractionary device that creates loud noise and bright light," in Defendant's side yard. The purpose of a "flashbang" is "[t]o create a loud noise in another place from where the team is to gather the attention of anybody inside away from ... the area [the SWAT team is] making [its] entry."
Sergeant Branshaw testified "as soon as the door was breached [he] observed [Defendant] sitting on the couch, and [he] announced to him that [they] were police and gave ... [their] intention of executing a search warrant at that time." Once the SWAT team secured the residence, they informed Officer Gordon that he and his officers could enter the home and execute the search warrant.
Officer Gordon testified the search of Defendant's home yielded "[m]ultiple baggies of marijuana individually packaged," digital scales, and paraphernalia used to smoke marijuana. No gun was located during the search of Defendant's home. Defendant moved to suppress all evidence seized from his home and asserted the SWAT team's "no-knock" entry was not justified.
The trial court denied Defendant's motion to suppress. The trial court found
[t]here was probable cause for the issuance of [the] search warrant.... The confidential informant was reliable, had given reliable information on previous occasions, and they did ... two buys beforehand.... And the same informant advised [Officer Gordon] that the defendant had an assault rifle in the residence.
....
The officers also found out ... that the defendant had been convicted of second-degree murder and had been charged with armed robbery. And ... Officer Gordon was concerned about destruction of evidence, possible destruction of evidence, and also concerned about officer safety.
....
[Sergeant Branshaw] decided on no-knock because of the defendant's prior murder conviction and an assault rifle being recently seen at the residence or in the residence. His concerns were, first, public safety; second, officer safety; and third, the defendant's safety.
Based on its findings, the trial court concluded "in this particular case, the officers had a reasonable belief that their no-knock [entry] was necessary" based on Defendant's prior murder conviction, the armed robbery charge, and the information provided by the reliable, confidential informant that Defendant, a convicted felon, may have an assault rifle in the home.
As an alternative basis for denying Defendant's motion to suppress, the trial court concluded the incriminating evidence would have been found, regardless of whether the officers had reasonable grounds for conducting a "no-knock" entry.
The jury returned a verdict and found Defendant guilty of one count of possession with intent to sell and deliver marijuana and one count of possession of drug paraphernalia. The trial court sentenced Defendant to an active sentence of 45 days imprisonment for the possession of drug paraphernalia conviction. He was also sentenced to 6 to 17 months imprisonment, suspended, for the conviction of possession with intent to sell and deliver marijuana. Defendant gave notice of appeal in open court.
II. Issues
Defendant argues the trial court erred by denying his motion to suppress the evidence obtained from his home in violation of the "knock-and-announce" rule.
III. Standard of Review
The trial court's findings of fact regarding a motion to suppress are conclusive and binding on appeal if supported by competent evidence. To the extent the trial court's findings of fact are not challenged on appeal, they are deemed supported by competent evidence and are binding on appeal. State v. Roberson,163 N.C.App. 129, 132, 592 S.E.2d 733, 735-36 (citation omitted), cert. denied,358 N.C. 240, 594 S.E.2d 199 (2004). "Our review of a trial court's conclusions of law on a motion to suppress is de novo." State v. Chadwick,149 N.C.App. 200, 202, 560 S.E.2d 207, 209 (2002) (citation omitted).
IV. Analysis
A. Knock-and-Announce
Defendant argues the trial court erred by denying his motion to suppress the evidence seized from his home in violation of the "knock-and-announce rule." We disagree.
Our Supreme Court explained North Carolina's "knock-and-announce" rule in State v. Sparrow,as follows:
Ordinarily, a police officer, absent invitation or permission, may not enter a private home to make an arrest or otherwise seize a person unless he first gives notice of his authority and purpose and makes a demand for and is refused entry. Without special or emergency circumstances, an entry by an officer which does not comply with these requirements is illegal.
276 N.C. 499, 512, 173 S.E.2d 897, 905 (1970).
The "knock-and-announce" rule has since been codified in N.C. Gen.Stat. § 15A-249. An officer executing a search warrant "must, before entering the premises, give appropriate notice of his identity and purpose to the person to be searched, or the person in apparent control of the premises to be searched." N.C. Gen.Stat. § 15A249 (2013).
N.C. Gen.Stat. § 15A-251 sets forth an exception to the "knock-and-announce" rule:
An officer may break and enter any premises or vehicle when necessary to the execution of the warrant if:
(1) The officer has previously announced his identity and purpose as required by G.S. 15A-249 and reasonably believes either that admittance is being denied or unreasonably delayed or that the premises or vehicle is unoccupied; or
(2) The officer has probable cause to believe that the giving of notice would endanger the life or safety of any person.
N.C. Gen.Stat. § 15A-251 (2013) (emphasis supplied).
B. Exclusionary Rule
N.C. Gen. Stat § 15A-974 ("the exclusionary rule") requires the suppression of unlawfully obtained evidence. Under this rule, evidence must be suppressed if: (1) its exclusion is required by the Constitution of the United States or the Constitution of the State of North Carolina; or (2) it is obtained as a resultof a substantial violationof the provisions of Chapter 15A. N.C. Gen.Stat. § 15A-974 (2013) (emphasis supplied).
Upon Defendant's motion and on review, the court must consider all the circumstances to determine whether a violation of Chapter 15A is substantial. N.C. Gen.Stat. § 15A-974 enumerates four factors we must consider in reaching our determination: (1) the importance of the particular interest violated; (2) the extent of the deviation from lawful conduct; (3) the extent to which the violation was willful; and (4) the extent to which exclusion will tend to deter future violations of Chapter 15A. Id.
Here, Defendant does not challenge any of the trial court's findings of fact. The trial court's findings are binding on appeal. Roberson,163 N.C.App. at 132, 592 S.E.2d at 735-36. Defendant also does not argue exclusion of the evidence obtained in his home is required by either the United States Constitution or the North Carolina Constitution.
Defendant argues the SWAT team's "no-knock" entry was a substantial violation of the "knock-and-announce" rule, and asserts no probable cause existed to believe any person's safety was endangered. SeeN.C. Gen.Stat. §§ 15A-251, 15A-974. We disagree.
The trial court concluded Sergeant Branshaw had probable cause to believe announcing notice and purpose prior to entering Defendant's home would endanger the life or safety of the public, the officers, or Defendant.
The trial court reached its conclusion that the "no-knock" entry was justified based on the following findings: (1) the officers' knowledge of Defendant's prior murder conviction and arrest for armed robbery; (2) Defendant's recent release from prison and status on parole; and, most importantly, (3) the information from a reliable, confidential informant that Defendant possessed an assault rifle in his home some time shortly before execution of the search warrant.
These findings support the trial court's conclusion that the officers' "no-knock" entry was sufficiently justified. Based on the circumstances, Officer Branshaw had probable cause to believe adhering to the "knock-and-announce" rule would endanger the life or safety of the public, the officers, or Defendant.
In addition, a finding that the "no-knock" entry was unlawful would only require the suppression of evidence if the evidence obtained was the resultof the unlawful entry. N.C. Gen.Stat. § 15A-974. The purpose of the exclusionary rule is to serve as a deterrent against future violations. Arizona v. Evans,514 U.S. 1, 10, 131 L.Ed.2d 34, 44 (1995). In Hudson v. Michigan,the United States Supreme Court held although a manner of entry may be unlawful, the entry itself may be lawful, "and the fruits of the search are not subject to suppression." 547 U.S. 586, 602, 165 L.Ed.2d 56, 71 (2006) (citation and internal quotation marks omitted). See United States v. Ramos-Cruz,667 F.3d 487, 503 (4th Cir.2012) ("Without deciding whether the officers violated the rule, we reiterate that in Hudson v. Michigan,the Supreme Court held that the exclusionary rule does not apply to knock-and-announce violations.").
The North Carolina Supreme Court has articulated the same principle, stating
[N.C. Gen.Stat. § ] 15A-974(2) provides that evidence "obtained as a result" of a substantial violation of the provisions of Chapter 15A must, upon timely motion, be suppressed. The use of the term "result" in this statute indicates that a causal relationship must exist between the violation and the acquisition of the evidence sought to be suppressed.... [E]vidence will not be suppressed unless it has been obtained as a consequence of the officer's unlawful conduct (e.g., an unconstitutional search or arrest). The evidence must be such that it would not have been obtained but for the unlawful conduct of the investigating officer.
State v. Richardson,295 N.C. 309, 322-23, 245 S.E.2d 754, 763 (1978) (emphasis supplied). See also State v. Pearson,356 N.C. 22, 32, 566 S.E.2d 50, 56 (2002) (holding denial of defendant's motion to suppress was proper where no causal relationship existed between violation and the evidence obtained).
Here, Officer Gordon obtained a valid search warrant for Defendant's home. Defendant does not challenge the validity of the search warrant on appeal. After the forced entry, the officers secured the residence. Defendant was served with a copy of the search warrant before the search commenced. The physical evidence seized was located in an area adjacent to the living room couch.
The evidence was obtained from a valid search warrant and not as a result of the forced entry, nor in the vicinity of the forced entry. Defendant has failed to show any causal connection between the forced entry and the evidence Defendant sought to have suppressed. Richardson,295 N.C. at 322, 245 S.E.2d at 763. Defendant failed to carry his burden to present facts to support his motion to suppress, or to reverse the trial court's ruling on appeal. State v. Satterfield,300 N.C. 621, 626, 268 S.E.2d 510, 514 (1980). This argument is overruled.
V. Conclusion
The trial court concluded the officers had probable cause to conduct a "no-knock" entry into Defendant's home. This conclusion was based on competent record evidence to which the Defendant failed to object.
Regardless of whether a violation of the "knock-and-announce" rule occurred, the exclusionary rule does not require suppression of any evidence obtained. Defendant failed to show any direct causal connection between the forced entry and the evidence obtained pursuant to a valid search warrant.
Defendant received a fair trial free from prejudicial errors he preserved and argued. We find no error in Defendant's conviction or in the trial court's judgment entered thereon.
NO ERROR.
Chief Judge McGEE and Judge GEER concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 31 July 2014 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 18 May 2015.